PHILO MOREHOUSE

*v.*

THOMAS MOULDING *et al.*

1. MECHANIC'S LIEN— *payments after notice by sub-contractors.* After notice to the owner, of the claims of sub-contractors, the owner cannot rightfully pay the original contractor so as to defeat the demands of the sub-contractors, nor can he pay one sub-contractor in full and another nothing, as his caprice or partiality may determine.

2. SAME— *when balance due must be paid pro rata.* When there is not enough to pay all sub-contractors and materialmen after deducting all

payments rightfully made, the balance is to be divided between the several claimants entitled to liens, in proportion to their respective interests.

3. SAME — *right to retain payment to complete work.* The owner of a building has not the right to retain the balance due on the original contract remaining in his hands, with which to enable the contractor to complete the work, after notice of the claims of sub-contractors.

4. SAME — *liability of owner to sub-contractors on failure to complete contract.* If the contractor for any cause fails to complete his contract, the owner will be liable to the persons entitled to a lien under the act of 1869 for so much as the work and materials are reasonably worth according to the contract price, first deducting all payments rightfully made, and damages, if any, occasioned by the non-performance of the contract, giving to each his ratable share, and the balance he can retain with which to finish the work.

5. INSTRUCTIONS — *assuming facts.* There is no error in refusing an instruction which assumes the existence of a material fact which should be left to the jury to find, or when its substance is contained in others given.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE D. MURPHY, Judge, presiding.

The nature and facts of this case necessary to an understanding of the points decided appear in the opinion of the court. The jury found there was due the petitioners, Kelley, Wood & Co., $330.18, and Moulding & Harlan, $860.50. The defendant, Morehouse, moved for a new trial, which was refused and an exception taken.

Messrs. DENT & BLACK, for the appellant.

Messrs. SCATES & WHITNEY, for the appellees Moulding and Harlan; Mr. G. P. WHITCOMB, for the appellees Kelly, Wood & Co.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This is a case arising under the mechanic's lien law, as contained in the act of 1869. The facts necessary to an understanding of the merits of the case may be shortly stated. In June, 1870, appellant contracted with W. H. H. Miller to

erect for him a double dwelling-house on the premises described in the petition. The contract was in writing, and by its terms Miller was to furnish all the materials and labor necessary to fully complete the buildings according to the plans and specifications, at a total cost of $20,900, which was to be paid, as the work progressed, on the certificate of the architect, less fifteen per cent, which was to be reserved for the security of the owner until the completion of the work.

Appellees furnished materials which were used by the builder in the erection of the buildings under his original contract with appellant, and now seek to establish a lien on the premises for the amount respectively due them. There is no dispute, there was due Moulding and Harlan for brick furnished to Miller, and which were used in the construction of the building, $1,442, and to Kelly, Wood & Co., for lumber furnished and used for the same purpose, $555.85. Each of these firms commenced separate actions, but, by stipulation, the two suits were consolidated in the court below, and have since progressed as one cause.

Proof was made that within twenty days after payment should have been made, these parties gave appellant notice of their claims, and that they would insist upon the lien given by the statute.

The building, when completed, cost something over $30,000, but a large portion of the cost over the contract price, indeed nearly all of it, Miller insists was made up of extra work not indicated on the original plans.

This case has been elaborately argued, and should we discuss all the points made, it would require us to give a construction to almost every clause of the mechanic's lien law. But this will not be necessary. We are of opinion the decree can be maintained on principles about which there can be no controversy.

Great stress is laid on that clause of the first section of the mechanic's lien law, which provides: " In no case shall the " owner or lessee be compelled to pay a greater sum for, or on

"account of such house or building or other improvements, "than the price or sum stipulated in said original contract or "agreement." That depends on the fact whether the payments made to the contractor, or on his order, shall be regarded as having been rightfully made. If made in violation of the rights and interests of the persons intended to be bene_ fited by the act, the owner is not to be credited with them, and in that way it may happen he will be compelled to pay more than the original contract price. All payments made, after notice, are of this character. The result will be attributable to his own folly and improvident conduct. He cannot pay one sub-contractor in full, and another, nothing, as his partiality or caprice may determine. When there is not enough to pay all sub-contractors or materialmen, after deducting all payments rightfully made, the balance is to be divided between the several claimants entitled to liens, in proportion to their respective interests.

About the time of service of notice of appellees' claims, it was ascertained Miller would not be able to complete the work on account of the cost, and it is claimed appellant had the right, in consequence of that fact, to use the balance due on the original contract, remaining in his hands, to pay such persons as should thereafter perform labor for, or furnish materials to Miller with which to complete the buildings. This view of the law is untenable. It is not in the power of the owner, as we have said, to elect that he will pay certain persons performing labor, or furnishing materials to the contractor, and not others. The law will permit no such discrimination. Had Miller, for any cause, failed to complete his contract, all the owner would be liable for, to persons entitled to a lien under the provisions of this act, would be for so much as the work and materials shall be shown to be reasonably worth, according to the contract price, first deducting such payments as shall have been rightfully made, and damages, if any, occasioned by the non-fulfillment of the contract, giving

to each his ratable share, and the balance he can retain with which to furnish the work.

There is nothing in the action of the court in giving or refusing instructions, that would justify a reversal of the decree. The first clause of the ninth instruction is objectionable, because it assumes the existence of a material fact, which it was the province of the jury to find. Whatever else it contained that was material, was given in other instructions.

The other causes of error suggested are not regarded as affecting the merits of the case. The decree is warranted by both the law and the evidence. Miller never abandoned the work, but completed the buildings according to the contract, except as varied by mutual agreement, and in addition did a large amount of extra work. Payments properly due him under the contract, were made to Miller or on his order, after appellant had notice of appellees' claims, that were in violation of their rights. If there was not enough money in the hands of appellant with which to pay appellees in full, they were, nevertheless, entitled to their *pro rata* share with the other sub-contractors or persons performing labor or furnishing materials under Miller's contract. This is all the court by its decree allowed appellees. There is, therefore, no reason for disturbing the decree of the court, and it will accordingly be affirmed.

*Decree affirmed.*