JOHN J. GANNON & another *vs.* JULIA N. SHEPARD.

Middlesex.    March 14, 15, 1892. — May 9, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Mechanic's Lien — Husband and Wife — Agency.*

At a hearing on a petition to enforce a mechanic's lien for labor performed in the erection on the respondent's land of a house which was built by the respondent's husband as a gift to her, there was evidence that she believed he was building it at his own expense, that he was not her agent, and that the house was not built for a home for her husband and herself; but it also appeared that the house was near her residence and was built with her knowledge; that she saw the petitioners' workmen at work upon it, and was once in the house with her husband and saw the petitioners at work there; and that she did not give any directions, or offer objections, or give the notice provided for in the Pub. Sts. c. 191, § 4. *Held*, that whether the labor was or was not furnished by her consent was an inference of fact to be drawn by the justice who tried the case, and the ruling that there was evidence of her consent was correct.

Rulings which the presiding justice declined to give relative to the provision of a contract are rendered immaterial by his finding that the provision was orally waived.

PETITION to enforce a mechanic's lien, under the Pub. Sts. c. 191.    Trial in the Superior Court, before *Thompson*, J., who found for the petitioners; and the respondent alleged exceptions. The facts appear in the opinion.

*J. C. Ivy*, for the respondent.

*F. Burke*, for the petitioners.

BARKER, J.  The petitioners furnished labor in the erection of a house on the respondent's land, and the justice who tried the case has found that it was furnished by her consent, and established a lien.    The first question is whether there was evidence upon which her consent could be found.    The house was built by the respondent's husband as a gift to her.    There was evidence that she believed he was building it at his own personal expense, and that he was not her agent, and that the house was not built for a home for her husband and herself.    But it was near her residence, and was built with her knowledge.    She could and did see the workmen of the petitioners at work upon it from time to time, and upon one occasion was in the house with her husband and saw the petitioners at work there.    She

did not give any directions to them while they were at work, nor did she object to their furnishing labor or materials, nor give the notice provided for in the Pub. Sts. c. 191, § 4. Whether the labor was or was not furnished by her consent was an inference of fact to be drawn by the justice who tried the case. If the mere fact that the respondent knew of the erection of the house by her husband would not justify the inference, she knew that it was intended as a gift to herself, and that she would be benefited by the work. The ruling that there was evidence of her consent, in these circumstances, was correct. It was for the presiding justice to draw or to decline to draw the conclusion, and his finding cannot be revised upon exceptions. *Westgate* v. *Munroe*, 100 Mass. 227. *Arnold* v. *Spurr*, 130 Mass. 347. *Wheaton* v. *Trimble*, 145 Mass. 345.

The respondent further contends that the petitioners have no lien, because they were sub-contractors under a contractor who had agreed with her husband, in writing under seal, to build the house, and who in the contract had stipulated not to sublet, except by the written consent of the other party. But the court found, upon evidence not stated in the bill of exceptions, that this provision was orally waived. It is therefore unnecessary to consider whether, if it had remained in force, it would have prevented the petitioners from claiming a lien for work done under their sub-contract. The rulings requested by the respondent upon this branch of the case were immaterial, in view of this finding of fact.

*Exceptions overruled.*