THEODORE BOWEN & others *vs.* HARVEY E. PHINNEY.

Middlesex.   November 20, 1894. — January 3, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Mechanic's Lien — Breach of Contract by Contractor — Defence.*

It is no defence to a petition to enforce a mechanic's lien, under Pub. Sts. c. 191, for labor performed for a contractor upon the respondent's house, that the material furnished by the contractor was not of the quality called for by the contract and the petitioner's work, through no fault of his, was a damage to the house.

PETITION, to enforce a mechanic's lien, under Pub. Sts. c. 191. At the trial in the Superior Court, before *Blodgett*, J., without a jury, it appeared that the respondent made a contract with one Bierweiller to paint a house, the same to be done with the best of stock, and to be first class in every respect, for the sum of $150; and that the petitioners were workmen employed by the contractor in doing the painting.

The respondent offered to prove that, by reason of the poor stock used by the contractor, the painting was of no benefit to the respondent, but, on the contrary, a damage; and asked the judge to rule that the petitioners could not therefore maintain their petition, although they were not themselves in fault, and had valid claims against the contractor for their labor.

The judge refused to rule as requested; ruled that the evidence offered would not constitute a defence to the petitioners' lien; and found for the petitioners.   The respondent alleged exceptions.

*F. S. Hesseltine*, for the respondent.

*J. L. Powers*, for the petitioners.

HOLMES, J.   Our statute gives an immediate lien to one who has performed labor in the repair of a building by the consent of its owner.   Pub. Sts. c. 191, § 1.   Even if he is employed by a contractor, the laborer's lien is not by way of subrogation, and does not depend upon the terms of the contract or the state of the account between his employer and the owner of the land. See *Parker* v. *Bell*, 7 Gray, 429.   *Atwood* v. *Williams*, 40 Maine,

409. *Laird* v. *Moonan*, 32 Minn. 358, 361. *Shenandoah Valley Railroad* v. *Miller*, 80 Va. 821, 831. *Mallory* v. *La Crosse Abattoir Co.* 80 Wis. 170. *Wright* v. *Pohls*, 83 Wis. 560, 563. 2 Jones, Liens, (2d ed.) § 1304. There are statutes of a different type in other States, but the books cited are enough to show that ours is a familiar form of legislation. The provision in § 2 has nothing to do with the case. By that section, when the agreement is for labor and materials, a lien is allowed for the labor for a sum not greater than the price for the entire contract. The contract referred to there, as also in *Moore* v. *Erickson*, 158 Mass. 71, 73, is the contract of the party claiming the lien, not a superior contract, and the purpose of the section merely is to save a lien for labor when the party has none for materials. We have no statute limiting the liability of the owner to the price stipulated in the contract with him, as in *Wright* v. *Pohls*, 83 Wis. 560, *Morehouse* v. *Moulding*, 74 Ill. 322, and the like. It follows that the facts offered to be proved would not be a defence.                  *Exceptions overruled.*