EDWARD J. VICKERY *vs.* CHARLOTTE H. RICHARDSON.

Norfolk.    March 9, 1905. — September 8, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Mechanic's Lien.*

Under R. L. c. 197, § 7, the validity of a mechanic's lien is not affected by the omission of an item of credit in the statement of the lien or by an understatement of the amount due the petitioner, if it does not appear affirmatively that the respondent was misled by the inaccuracies.

Under R. L. c. 197, § 1, the consent of the owner of a building, which is required for the establishment of a mechanic's lien for labor performed and furnished, is consent to the performance of the work, not to the existence of the lien or to the amount for which the owner of the land can be charged.

A subcontractor for the erection of a building can establish a lien under R. L. c. 197, § 1, for labor performed and furnished by the consent of the owner of the building, although in the subcontract the price to be paid for the construction of the building is greater than in the original contract.

On a petition to enforce a mechanic's lien for labor performed and furnished in building a house of the respondent, it appeared, that the respondent made a contract in writing with an architect who agreed to build and complete the house for a round sum, that afterwards the architect without the respondent's knowledge made a contract with the petitioner for the full construction of the house for a greater sum, that as the construction proceeded the respondent supposed and believed that the petitioner was building the house for the original price, that during the construction of the house the respondent frequently was present, either alone or with the architect, talked with the petitioner or his foreman, and gave directions for alterations not shown by the plans or called for by the specifications, that the alterations were made, that a short time before the house was finished the petitioner at the request of the respondent furnished a statement of the amount due him which included the contract price, that this was the respondent's first information of that price, but that the respondent made no disclaimer of liability or disclosure of the existence of the first contract, and permitted the petitioner to go on and finish the house. *Held*, that there was evidence to warrant a finding that the petitioner performed and furnished the labor with the consent of the respondent.

PETITION, filed January 18, 1904, and amended April 20, 1904, under R. L. c. 197, § 1, to enforce a mechanic's lien for labor performed and furnished in building a house of the respondent at Wellesley Hills.

In the Superior Court the case was sent to an auditor who filed a report. At the trial of the case before *Bell*, J., without a jury, no evidence was offered in addition to the auditor's report.

The judge found the facts to be as found by the auditor, and on those facts found for the respondent. At the request of the parties he reported the case upon the auditor's report and the pleadings for determination by this court. If as matter of law the petitioner was entitled to enforce a lien upon the premises, it was agreed that the amount for which such lien might be enforced was $3,438.67, with interest from January 18, 1904; if upon the facts found by the judge the petitioner was entitled to maintain a lien for that sum judgment was to be entered in his favor and an order of sale was to issue; if he was not so entitled, the petition was to be dismissed.

*R. W. Light*, for the petitioner.

*P. S. Parker*, for the respondent.

BRALEY, J. If the statement of lien, though duly filed, was inaccurate by reason of the omission of an item of credit, and in understating the amount due the petitioner, yet as these errors are found to have been made inadvertently, its validity was not impaired, for it does not affirmatively appear that the respondent was misled. R. L. c. 197, §§ 1, 7. *Burrell* v. *Way*, 176 Mass. 164. *Scannell* v. *Hub Brewing Co.* 178 Mass. 288.

Notwithstanding there was a sufficient compliance with all preliminary requirements, the lien would not attach unless the labor was performed and furnished with the consent of the respondent. R. L. c. 197, § 1. *Donahy* v. *Clapp*, 12 Cush. 440, 441. *Parker* v. *Bell*, 7 Gray, 429, 431.

Under the findings of fact, shown by an auditor's report, which was adopted by the Superior Court, the question presented for our decision is whether as a matter of law these findings are sufficient to support a further finding that the petitioner performed and furnished the labor under such conditions that the respondent's consent must be presumed. See *Walls* v. *Ducharme*, 162 Mass. 432.

By the written contract made with a member of the firm of architects who planned the house, he agreed to build and complete it for a round sum. Afterwards, and without the respondent's knowledge at the time, he made a verbal contract with the petitioner for its full construction, but at an enhanced price. It was fairly within the contemplation of the parties, under the first agreement, that, from the very nature of the undertaking,

the contractor would not do the work himself, but necessarily would employ others to perform either a part or all of it. *Donahy* v. *Clapp* and *Parker* v. *Bell, ubi supra.*

Generally, when mechanics are thus employed, they would be entitled to a lien on the land for their labor. *Bowen* v. *Phinney,* 162 Mass. 593. *Daley* v. *Legate,* 169 Mass. 257, 260. *Perry* v. *Potashinski,* 169 Mass. 351. *Wahlstrom* v. *Trulson,* 165 Mass. 429, 434. But it is claimed that this implied authority, although it empowered him to make such contracts, did not confer any authority to bind the respondent to pay an increased price, as he was limited to the amount specified in the contract with himself. This would be true if the petitioner sought to recover in an action of contract where there was no evidence of ratification. *Mussey* v. *Beecher,* 3 Cush. 511.

Until informed to the contrary, the respondent supposed and believed that the petitioner was building a house for the original price. The consent given, however, is to the performance of the work, not to the lien, or the amount for which, under it, the interest of the owner in the land can be charged. R. L. c. 197, § 1.

By the operation of the statute, the right of the lienor attaches from day to day, as he performs the work. *Rochford* v. *Rochford,* 188 Mass. 108. If the petitioner had been employed as a subordinate contractor to perform or supply labor for a part only of the house, the auditor's findings would have been sufficient to sustain a lien in his favor, though the amount due might have been in excess of the first contract price. *Beatty* v. *Parker,* 141 Mass. 523. *Bowen* v. *Phinney* and *Perry* v. *Potashinski, ubi supra.*

In the exercise of a reasonable discretion, the architect, under these decisions, could have made subordinate contracts for the masonry, the carpentry, or the plumbing, by which the respondent would have been bound, though the price of this labor, singly or combined, might have exceeded the amount of the first contract. There is therefore no satisfactory reason why this principle should not apply when labor is furnished by a single subordinate contractor for all parts of the building under construction. *Donahy* v. *Clapp,* 12 Cush. 440. *Bowen* v. *Phinney,* 162 Mass. 593. *Borden* v. *Mercer,* 163 Mass. 7. *Wahlstrom* v. *Trulson,* 165 Mass. 429. *Daley* v. *Legate,* 169 Mass. 257.

Apart, however, from any limitation of this character, upon the implied agency of the architect under a contract of which the petitioner was ignorant until the house was substantially completed; his lien for labor would not be defeated. For if consent follows, as of course where there is a valid agreement with the owner through an authorized agent, it also may follow from the owner's conduct when accompanied with knowledge of the circumstances under which the work is being done. *Gannon* v. *Shepard*, 156 Mass. 355.

After the petitioner had submitted his proposal, but before its acceptance, and when the parties, with the architects, were upon the premises for the purpose of laying out the foundations, the respondent was informed that the petitioner would probably build the house. Neither then, nor at any time until it was finished, did she indicate that his employment was unauthorized, or that he was not lawfully upon her premises, or that the architect with whom he dealt was not her representative.

During its construction she frequently was present, either alone or in company with the architect, engaging in conversation with the petitioner or his foreman, to whom she gave directions for alterations not shown by the plans or called for by the specifications. These changes were made as requested, and with their cost are referred to in the report as extra work, forming part of the labor for which the lien is claimed.

A short time before the house was finished, in a conversation with the petitioner, and in reply to her inquiry, he furnished a written statement of the amount due to him, which included the contract price. It is indeed found that this was the first information the respondent had of this fact; but even then there was no disclaimer of liability or disclosure of the existence of the first contract, while she permitted him to go on and complete the house.

These several findings, when given their natural probative effect, show that she assented to the employment of the petitioner, and after his employment recognized him as the master mechanic; and upon being informed of the second contract, without protest allowed him, at his expense, to increase the value of her property by the addition of materials and labor.

It should be observed that this contention could not justly be

held to include the items for labor required for the alterations ordered. The provisions of this contract are not reported; but if they provided for changes which were to be made without any increase of the total cost, the respondent, who wholly repudiates the agreement, cannot claim the benefit of it in order to avoid payment. These items, therefore, stand precisely like any work which the landowner may order or request a contractor to perform, though not covered by his contract. There is an implied promise to pay for them, for which a lien can be maintained. *Mulrey* v. *Barrow*, 11 Allen, 152.

No distinction, however, is possible under the form in which the case is before us, and if the petitioner fails to maintain any part of his claim he must lose the whole. It is now urgently contended that even if the respondent's knowledge and conduct were sufficient to show that the petitioner was rightfully upon the land, her acquiescence to his proceeding with the building of the house must be limited to the price shown by the first contract.

But if, during a part of the time, the respondent was not informed of the petitioner's contract, yet upon being made acquainted with his full claim she chose to remain silent. At that time, if she intended to qualify what apparently to him was an unrestricted consent, and limit it to the amount originally fixed, it became her duty so to inform the petitioner. *Bassett* v. *Brown*, 105 Mass. 551, 557.

It no longer could be claimed honestly that she was acting under a misconception, or was ignorant of the fact that his demand was largely in excess of what she had previously supposed. Being in possession of this information, she deliberately continued her former conduct, when, if she had spoken, he could have saved nearly two months' work, and thus might have materially diminished the amount of his loss. She was content, however, to let him still believe, as he did, that he was rightfully there with her approval.

Upon receiving the full benefit of his contract, it was too late, under such conditions, to interpose the defence that her ignorance alone, during a part of the time, of the difference in price, as against an innocent party, was sufficient to destroy what otherwise must have been deemed a full and intelligent assent,

sufficient to enable him to maintain his lien. *Bassett* v. *Brown, ubi supra.* See *Courtemanche* v. *Blackstone Valley Street Railway,* 170 Mass. 50, 53.

If the right of recovery is put on the ground of the implied authority of the architect, or of the respondent's general conduct and final acquiescence, when taken in connection with knowledge of the petitioner's actual claim, it follows that there was ample evidence to support a conclusion which charged the interest of the respondent in the land on which the house stood with a valid lien in favor of the petitioner.

By the terms of the report, judgment is to be entered in the petitioner's favor for the sum of $3,438.67, with interest thereon at the legal rate, from January 18, 1904, to the date of entry, and an order of sale is to issue for its enforcement.

*So ordered.*