[No. 1249, January 6, 1910.]

JOSEPH C. BALDRIDGE, Appellee, v. A. L. MORGAN, ANDRES ROMERO and MELITON CHAVEZ, Appellants.

SYLLABUS.

1. The clause in Section 2221, Compiled Laws of 1897, requiring a sub-contractor to file his claim of lien "within sixty days after the completion of any building, etc.," fixes a time after which such lien is not to be filed or in other words that the time for filing does not commence to run from or await the completion of the building.

2. The New Mexico Mechanics Lien Law, Sections 2216, et seq., Compiled Laws of 1897, is constitutional.

3. It is not within the competency of any court to question an act of a legislature on the ground that it is unrea-

sonable, unjust, unequal or oppressive, as long as the act is within the limitations fixed by the fundamental law of the state or territory.

4.    Allowance of attorney's fee not an abuse of judicial discretion under the facts stated.

Appeal from the District Court for Bernalillo County before IRA A. ABBOTT, Associate Justice. Affirmed.

NEILL B. FIELD for Appellant.

This claim of lien was prematurely filed and was therefore void. Genest v. Building Association, 11 N. M. 251; Phillips on Mechanic's Liens, sec. 323 a; Boisot on Mechanic's Liens, sec. 470; Jones on Liens, sec. 1430; Fire Extinguisher Co. v. Chaplin, 183 Mass. 375; Catlin v. Douglas, 33 Fed. 569; Foushee v. Grugsbee, 12 Bush. (Ky.) 75; Taber-Pierce Co. v. International Co., 75 Pac., Colo., 150; Withrow Lumber Co. v. Glassgow Inv. Co., 101 Fed. 867; Davis v. Alvord, 94 U. S. 545; Franklin St. Church v. Davis, 7 S. E., Va., 245; Higley v. Ringle, 57 Kans. 222, 45 Pac. 619; Roylance v. San Louis Hotel Co., 74 Cal. 273, 20 Pac. 573; Davis v. MacDonough, 109 Cal. 547, 42 Pac. 450; Marchant v. Hayes, 120 Cal. 137, 52 Pac. 154; Phoenix Iron Co. v. Richmond, 6 Mackey, D. C. 180; Baker v. Lakeland Canal, 94 Pac. Cal. 773.

The Mechanics Lien Statute of New Mexico, Sections 2216 et seq., Compiled Laws of 1897, is unconstitutional. Hobbs v. Spiegelberg, 3 N. M. 357; Ruppe v. New Mexico Lumber Association, 3 N. M. 393; Straus v. Finane & Elston, 3 N. M. 399; Finane & Elston v. Las Vegas Hotel & Improvement Co., 3 N. M. 411; Railway Co. v. Orman, 3 N. M. 612; Railway Co. v. Orman, 3 N. M. 652; Newcomb v. White, 5 N. M. 435; Minor v. Marshall, 6 N. M. 194; Bucher v. Thompson, 7 N. M. 115; Mountain Electric Co. v. Miles, 7 N. M. 317; Ford v. Springer Land Association, 8 N. M. 37; Mountain Electric Co. v. Miles, 9 N. M. 512; Armijo v. Mountain Electric Co., 11 N. M. 235; Genest v. Las Vegas Masonic Building Association,

11 N. M. 251; Post v. Fleming, 10 N. M. 476; Johnson v. McClure, 10 N. M. 506; Pearce v. Albright, 12 N. M. 202; Jones v. Great Southern Fire Proof Hotel Co., 79 Fed. 477; Same case, 86 Fed. 370; Same case, 193 U. S. 532 and cases cited.

The statute is in conflict with the grant of legislative power contained in the Organic Act. Brenninger v. Belvidere, 44 N. J. L. 350; National Bank v. Yankton, 101 U. S. 133; Linford v. Ellison, 155 U. S. 506; Great Southern Hotel Co. v. Jones, 193 U. S. 532.

No attorney's fee should have been allowed. Builders Supply Depot v. O'Connor, 150 Cal. 265; Gulf Railway Co. v. Ellis, 165 U. S. 150.

E. L. MEDLER for Appellee.

The lien of the plaintiff did not depend upon and was not suspended until the completion of the building. Quale v. Moon, 48 Cal. 478; Hunter et al, v. Truckee Lodge, 14 Nev. 24; Cal. Stats., 1867-1868, 589; Skyrme v. Occidental Co., 8 Nev. 239; Phillips on Mechanic's Liens, sec. 330, p. 465; Hart v. Mullen, 4 Colorado 514; McDonald v. Hovey, 110 U. S. 619, 28 L. 272 and note in Rose's notes; Pennock v. Dialogue, 2 Pet. 18; People v. Ritchie, 12 Utah 193, 42 Pac. 212; Perea v. Colo. Nat. Bk., 6 N. M. 1; Lutz v. A. & P. Ry. Co., 6 N. M. 500; Davis v. Alvord, 94 U. S. 545, 24 L. 283; Flagstaff Silver Min. Co. v. Cullins, 104 U. S. 176, 26 L. 704; Davis v. Miller, 130 U. S. 284, 43 L. 932; Levert v. Read, 54 Ala. 529; French v. Powell, 1902, 68 Pac. 92; R. R. Co. v. Eubanks, 32 Mo. App. 184; Sanborn v. Insurance Co., 16 Gray 448; Atherton v. Corloss, 101 Mass. 40; Young v. The Orpheus, 119 Mass. 179; French v. Powers, 68 Pac., Cal. 94; Mass. St., 1855, c. 231, No. 2; Carey-Lambard Lum. Co. v. Fullenweider, 37 N. E. Rep. 899, 150 Ill. 629; Merchant & Traders Nat. Bank v. City of New York, 97 N. Y. 355, 361; Davis v. Bullard, 32 Kans. 234, 4 Pac. 75; Shaw v. Stewart, 23 Pac. 616; Catlin v. Douglass, U. S. Cir. Ct., Kan., 33 Fed. Rep. 569; Trummell v. Mount, Tex., A. S. W. Rep. 377; Henderson v.

Sturgis, 1 Daly 336; Jones on Liens, vol. 2, sec. 1438; Lumber Co. v. Savings Bank, 34 Pac. Rep. 1045; Main St. Hotel Co. v. Horton Hardware Co., 43 Pac., Kan., Rep. 769; Schwartz v. Knight, 74 Cal. 432, 16 Pac. 235; Catlin v. Douglass, 33 Fed. Rep. 569; 20 A. & E. Enc. of Law, 2 ed., 378; Basham v. Toors, 51 Ark. 309; Taber, Pierce Co. v. International Co., 75 Pac., Colo. 150; Willamette Steam Mills Co. v. Kremer, 29 Pac. 629; Roylance v. Hotel Co., 20 Pac. 575, 629; Genest v. Building Association, 11 N. M. 251; Hobbs v. Spiegelberg, 3 N. M. 357; Ruppe v. New Mexico Lumber Association, 3 N. M. 393; Mountain Electric Co. v. Miles, 9 N. M. 512; C. L. 1897, sec. 2221.

The New Mexico Mechanic's' Lien Law is constitutional. Hotel Company v. Jones, 193 U. S. 532, 48 Law ed. 778; Note 4, A. & E. Ann. Cases 620.

The legislature of a territory has all legislative powers except as limited by the constitution of the United States, and the Organic Act and the laws of Congress appertaining thereto. Walker v. New Mexico, etc., R. R., 165 U. S. 604, 41 Law ed. 837; Wilkerson v. Utah, 99 U. S. 130, 25 Law ed. 345; Snow v. United States, 18 Wall. 320, 21 Law ed. 784; Rogers v. Burlington, 3 Wall. 441, 20 Law ed. 79; Sparrow v. Strong, 3 Wall. 104; 18 Law ed. 49; Clinton v. Englebrecht, 13 Wall. 320, 21 Law ed. 659; Hornbuckle v. Toombs, 18 Wall. 655, 21 Law ed. 966; Hotel Co. v. Jones, 193 U. S. 532, 48 Law ed. 778.

A reasonable attorney's fee in the district and supreme courts may be allowed as part of the costs. Genest v. Building Association, 11 N. M. 272; Pearce v. Albright, 76 Pac. 286; Pacific Mutual Life Ins. Co. v. Fisher, 106 Cal. 224, 39 Pac. 758; Watson v. Sutro, 103 Cal. 167, 37 Pacific 201.

OPINION OF THE COURT.

MECHEM, J.—The facts in this case are: That on the 27th day of May, 1905, the appellant contracted with one A. L. Morgan for the erection of a building on appellant's land by the terms of which contract Morgan was to build the building, furnish the necessary labor and materials for the sum of $10,000.00. The appellee on July

10, 1905, entered into an oral contract with Morgan to furnish lumber and building material for use in the construction of appellant's building and did furnish such materials, which were so used, to the amount of $4,290.53 on which appellee received the sum of $1,000.00 and no more. That the said material was furnished from time to time between July 10, 1905, and February 7, 1906. On March 27, 1906, appellee filed his notice and claim of lien in the office of the probate clerk of Bernalillo County and at that time Morgan had ceased work on the building for a period of about forty-five days. Thereafter appellant continued to work, completing the building about July 1, 1906. And it also appears instead of getting the building completed according to the original plans and specifications for $10,000.00 it cost appellant, about $20,000.00.

The court below allowed the appellee a lien for $3,251.36 with interest and costs, including costs for filing lien and $250.00 as an attorney's fees. From this decree the appellant appeals and seeks a reversal upon the following propositions:

1. That the claim of lien was prematurely filed and therefore void.

2. That our mechanics lien statute is unconstitutional.

3. That the mechanic's lien statute is in conflict with the grant of legislative power contained in the Organic Act, and

4. That no attorney's fees should have been allowed.

It is an admitted fact as shown by the record that the notice and claim of lien was filed March 27, 1906, and that the building was not completed until about July 1, of the same year. Our statute fixing the time for filing a lien is as follows:

"Every original contractor, within ninety days after the completion of his contract, and every person save the original contractor, claiming the benefit of this act, must within sixty days after the completion of any building, file for record with the county recorder of the county in which said property or some part thereof is situated, a

claim containing a statement of his demands, etc." Compiled Laws 1897, sec. 2221.

In his brief the able counsel for the appellant says that he finds "this court committed to the proposition that a substantial completion of the building is requisite before a lien can be filed." Citing Genest v. Building Assn., 11 N. M. 251, 67 Pac. 743.

We cannot agree with this statement for we are of the opinion that the only question decided in that case was that a substantial completion was a completion within the terms of the statute and that the court neither in express terms or by implication held that a completion of the building was a requisite to the filing of a lien. That question was not before the court in that case.

Here the question is squarely presented to us whether the legislature fixed a period of time during which a lien of a sub-contractor must be filed or did it fix a point of time after which such a lien could not be filed.

In the case of Davies v. Miller, 9 Sup. Ct. 560, 130 U. S. 284, 32 L. ed. 932, the court says:

"The clause requiring the importer to give such notice" within ten days after the ascertainment and liquidation of the duties "must therefore, according to the fair and reasonable interpretation of the words as applied to the subject matter, be held to fix only the terminus ad quem, the limit beyond which the notice shall not be given, and not to fix the final ascertainment and liquidation of the duties as the terminus a quo, or the first point of time at which the notice may be given."

To hold that the completion of a building was a requisite to the filing of a lien by a sub-contractor would not be a fair and reasonable interpretation of the words "within sixty days after the completion of any building, etc.," as applied to the subject matter. When the sub-contractor has performed labor or furnished materials his contract is executed. The building might be years in construction or it might never be completed, and when by force of the statute a privity of contract exist between the owner and a sub-contractor without reference to the original contractor there is no good reason, nor is it just that the

Baldridge v. Morgan, et al.

sub-contractor should be compelled to wait upon the happening of an event which neither fixes nor affects his rights, and which he cannot control. Hobbs v. Spiegelberg, 3 N. M. 357, 5 Pac. 529.

We therefore hold that the clause that requires a sub-contractor to file his claim of lien "within sixty days after the completion of any building, etc.," fixes a time after which such lien is not to be filed and does not fix a period of time during which it must be filed or in other words that the time for filing does not commence to run from or await the completion of the building. Hunter et al, v. Truckee, Lodge, 14 Nev. 24.

Our attention has been called to numerous cases, especially from California and Kansas, where a different rule has been announced but it is to be observed that the statutes under consideration there gave the sub-contractor a lien solely by way of subrogation to the rights of the original contractor, while under our statute the sub-contractor has a direct lien. Hobbs v. Spiegelberg, 3 N. M. 357, 5 Pac. 529.

2. That because our mechanic's lien statute permits liens to be asserted in excess of the contract price of the building or other improvements, the appellant contends that it is a restraint on the liberty of contract and it is a taking of property without due process of law.

Since its adoption in 1880, different phases of this act have been the subject of many cases in this court, but never before has its validity been questioned.

However, in a number of states the constitutionality of statutes permitting liens in excess of the contract price agreed upon between owner and original contractor, have been upheld. Bowen, et al., v. Phinney, 162 Mass. 593, 39 N. E. 283, 44 Am. St. Rep. 39; Laird v. Noonan, 32 Minn. 358, 20 N. W. 354; Cole Mfg. Co. v. Falls, 90 Tenn. 466, 16 S. W. 1045; Mallory v. La Crosse Abattoir Co., 80 Wis. 170; 49 Wis. 1071.

In Great Southern Fire Proof Hotel Co. v. Jones, 193 U. S. 532, the constitutionality of the Ohio mechanic's lien law was before the court and upheld, but the counsel for the appellant seeks to distinguish that case in this, that

the Ohio statute contained an express proviso that the aggregate of all liens should not exceed the contract price and suggests that had the Ohio statute contained no provisions limiting the amount of liens which might be created and no provision whereby the owner could have protected himself against such, the court would have reached a different conclusion.

If it is admitted that a court in citing decided cases in support of its conclusions, necessarily adopts the prior decision as good law and as fixing the rule, then the case above cited constitutes an authority contrary to the contention of the appellant, for the court there cited the cases of Bowen v. Phinney; Mallory v. La Crosse; Laird v. Noonan; Cole Mfg. Co. v. Falls, *supra,* as sustaining its decision, and further the court adopted the opinion of Judge Lurton in the same case, 86 Fed. 370, in which opinion the case of Laird v. Noonan, *supra,* on this very point was quoted at length and approvingly, and the cases above mentioned cited in support.

In view of these decisions and of the tacit approval of our own statute by the Supreme Court of the United States in Ford v. Springer Land Assn., 168 U. S. 513; we hold that the constitutionality of our mechanic's lien law is not an open question and is settled.

3. In his brief, counsel for the appellant says that the "use of the word rightful as qualifying the subjects of legislation committed to the territorial legislature presupposes power in the courts to determine whether the particular act in question is or is not within the grant of power." And further that "the exercise of such legislative power is always subject to challenge in the courts upon the ground that it is unreasonable, unjust, unequal or oppressive, unless Congress has expressly authorized the act in question."

"New Mexico is a territory, but in it the legislature has all legislative power except as limited by the constitution of the United States and the Organic Act and the laws of Congress appertaining thereto." Walker v. Southern Pacific Railroad, 165 U. S. 604, 41 L. ed. 837.

Baldridge v. Morgan, et al.

If the legislature of this territory has all legislative power subject to the limitation that it must be exercised within the limits of the constitution and not in contravention of any law of Congress and if the law here in question is constitutional and does not contravene any law of Congress it must be held to be valid, for it is not within the competency of any court to question an act of a legislature on the ground that it is unreasonable, unjust, unequal or oppressive, as long as the act is within the limitations fixed by the fundamental law of the state or territory. Baca v. Perez, 8 N. M. 187.

4. Because the appellant was ignorant of the liability of Morgan to the appellee, he argues that he could not safely pay appellee's claim until it had been established in a court of justice and to make him pay an attorney's fee is not in accordance with the equity of the statute and constitutes an abuse of judicial discretion such as justifies a reversal of this case.

The statute provides that "The court may also allow, as part of the costs, the moneys paid for filing and recording the lien and reasonable attorney's fees in the district and supreme courts."

Do the peculiar facts of this case constitute an exception in the appellant's favor? Are they not rather such facts as might exist and have existed and will continue to exist in most any other case of a mechanic's lien foreclosure? It is not denied that the appellee furnished materials that went to improve appellant's property of the reasonable market value of the amount allowed him by the decree and that at the date of the decree in this case he had been out of his money for over two years. The appellant has no reason to complain of the allowance of an attorney's fee.

For the reasons given the judgment of the court below is affirmed.