James E. F. Henry,
M. D.
 vs.
International Braid Co.
} W.C.A.No.528

James E. F. Henry,
M. D.
 vs.
Vennerbeck & Clase Co.
} W.C.A.No.531

James E. F. Henry,
M. D.
 vs.
Queen Dyeing Co.
} W.C.A.No.533

RESCRIPT

June 5, 1925

TANNER, P. J. These are petitions in four compensation cases in which the petitioner seeks to recover for his services to injured employees.

He testified that he sent written notices to these different companies within seven days of beginning the treatment of the injured employees, and also testifies that he made an entry to that effect on his books.

The different employees of the respondent companies testify that they have a regular procedure for noting the reception of such notices and forwarding the same to the insurance companies, but that their records show no reception of these notices. Different employees of the insurance companies also took the stand and testified that they have a system of records of the reception of such notices and that the records show no reception of any such notices.

On this evidence we are in doubt as to the reception of the notices by the different defendants and, therefore, are obliged to say that the petitioner has not proven his case by a fair preponderance of the evidence.

The petitions are therefore denied and dismissed.

For Petitioner: Fergus J. McOsker.

For Respondent: Sherwood, Heltzen & Clifford and Raymond E. Jordan.

---

## SUPERIOR COURT

---

Paquette Brothers
 vs.
Zakie Nazarian
} Eq.No.7023

RESCRIPT

June 5, 1925

TANNER, P. J. This is a mechanic's lien brought by a sub-contractor to recover for plastering done. The defence offered is that the work was very badly done and the walls very badly cracked.

We find, however, from the evidence that this was due to the failure of the main contractor to properly protect the work while in process by screening, it being the duty of the main contractor so to do.

The defendant cites authorities under what is called the New York rule, which makes the owner liable only for what he owes the contractor and, therefore, permits a recoupment against the contractor. These cases are not applicable, however, to cases arising under our statutes, which follow what is called the Pennsylvania rule and give a sub-contractor a direct lien regaraless of the relation between the owner and the main contractor.

See 27 Cyc. 90; 27 Cyc. 108 (h).

While the owner may have a claim

for recoupment against the main contractor, we think he has no such claim against the sub-contractor for the fault of the main contractor.

Bowen vs. Phinney, 162 Mass. 593.

We therefore give decision for the petitioner for the amount of his claim $309.40.

For Petitioner: James E. Brennan.

For Respondent: L. Pouliot, Jr.