RANDOLPH v. KNOX COUNTY, *Appellant.*

Division Two, February 14, 1893.

1. **Supreme Court Practice**: QUESTIONS NOT RAISED BELOW: LACHES.
   An objection that the trial court erred in refusing to permit defendant to show plaintiff's laches in an action against defendant on its county warrants will not be considered on appeal when the record does not disclose that any such offer was made in the lower court.

2. **Practice**: LACHES.   Such question cannot be raised for the first time in motions for new trial, or in arrest of judgment.

*Appeal from Knox Circuit Court.*—HON. B. E. TURNER, Judge.

AFFIRMED.

*C. D. Stewart* for appellant.

This case falls within the decision of *Barnard v. Knox Co.*, 105 Mo. 382.   It is neither denied nor questioned that the required levy under the constitution was made.   So any levy to exceed fifty cents on the $100 valuation is unconstitutional for any debts except for the erection of public buildings or indebtedness existing prior to November 30, 1875.   *Black v. McGonigle*, 103 Mo. 192; *Barnard v. Knox Co.*, 105 Mo. 382.

*F. H. McCullough* for respondent.

The case of *Barnard v. Knox Co.*, 105 Mo. 382, has no application to the case at bar, for in that case the court held that the warrant there sued on was illegally issued, and hence worthless, while the warrants here sued on are admitted to be legally issued. There can be no foundation for the appellant's position on the question of laches; the only way he can hope to recover on that point is to plead the statute of limitations which is not even hinted at and in fact has not run against the warrants here sued on. Appellant seeks to shift the responsibility for the acts of its officers to the shoulders of respondent. The warrants in this cause were clearly issued in conformity to the meaning of sections 11 and 12 of article 10 of our constitution, and should be paid.

GANTT, P. J.—During the years 1884, 1885 and 1886, in payment for services lawfully rendered to Knox county, the county court of said county duly audited and allowed thirteen different accounts against said county, and, in pursuance of its orders, warrants on the treasurer of said county in due form of law in all respects were issued, signed by the presiding judge of the county court and countersigned by the county clerk, attested by the seal of the county clerk. They were not paid and were duly protested for non-payment. These several warrants were for value assigned in writing to plaintiff. On the fifteenth of November, 1889, he began this action against the county for the collection of said warrants.

The county after a general denial, made this other defense: "Defendant further answering says that for each of said years the county court made a sufficient levy to pay all county officers' salaries, and all other

county current expenses for each and every of said years referred to in each and every of said counts in plaintiff's petition; and, if the said pretended warrants were good, valid and legal, there was ample revenue to pay off the same; but plaintiff or his assignors stood back each of said years and waived the right of payment and consented to others taking said revenues on illegal warrants not issued in anticipation of the revenues of each of said years, and did not interpose an injunction or other legal means to prevent the treasurer or county court from receiving such illegal warrants to the exclusion of the pretended warrants sued on, and thereby the plaintiff and his assignors have waived any claim they have ever had against Knox county; and for this court now to give plaintiff judgment and order a special levy to pay the same would violate the constitution and laws of the state of Missouri, and, having fully answered, asks to be discharged with costs of suit."

The jury was waived and cause submitted to the court.

The evidence of the plaintiff tended to prove all the facts alleged in his petition. It was mutually agreed "that, at the time of the issuing of the several warrants sued on in this case, for the year such warrants were issued, and at the time of the issuing of the same, the amount of the indebtedness for that year had not exceeded at that time the sum of fifty cents on the $100 valuation, assessed for said years." Judgment was rendered by the court for the amount sued for.

Defendant assigns the following somewhat novel and unique ground for a new trial:

"*Sixth.* Because the court erred in not allowing defendant to show that the plaintiff and his assigns slept on their legal rights and looked on and saw the county court of Knox county issue illegal and excessive warrants each of said years in violation of the consti-

tution of the state, and saw the collector receive the same, without interposing legal objections."

Inasmuch as the record nowhere discloses any offer to prove such state of facts, and as such a question cannot be raised for the first time in a motion for a new trial, or in arrest, or brief in this court, we are forbidden to enter upon a discussion of the question of laches thus suggested. *Naylor v. Cox, post,* p. 232.

As there were no declarations of law asked or refused, and no exceptions whatever saved to the evidence, the judgment of the circuit court is approved. All concur.