JOSEPH H. DAVIS *vs.* ALAN ARTHUR & another.
IN RE CHARLES E. NUTTER & another.

Suffolk.    January 20, 21, 1898. — March 1, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Mechanic's Lien — Intervening Creditor — Dissolution of Lien.*

A creditor commenced suit to enforce his lien on a building, and gave notice to the owner thereof and to the other creditors having liens, one of whom intervened, and, within ninety days after ceasing to labor on the building, filed an appearance in the suit, and, after ninety days, filed a petition claiming a lien. *Held,* that an appearance by an intervening creditor was not the commencement of a suit to enforce his lien, and that, his suit not having been seasonably commenced, the lien was dissolved.

PETITION, to enforce a mechanic's lien, filed by Charles E. Nutter and another, intervening petitioners, in a suit commenced by Joseph H. Davis to enforce a like lien against the same estate, notice of which was given by him to the owner of the building, and to all other creditors having liens of the same kind upon the same estate.

At the hearing in the Superior Court on a motion to dismiss the petition, before *Richardson,* J., it appeared that the intervening petitioners ceased to labor on or to furnish labor for the building on February 13, 1897; that on May 10, 1897, their attorney entered an appearance for them in the suit of *Davis v. Arthur,* and that on June 28, 1897, they filed a petition claiming a lien.

The judge dismissed the petition, the petitioners appealed, and, at the request of the parties, the judge reported the case for the determination of this court.

If the order dismissing the petition was correct, it was to be

affirmed; otherwise the motion to dismiss the petition was to be overruled.

*E. I. Baker*, (*G. L. Wentworth* with him,) for the intervening petitioners.

*A. C. Clark*, for the assignee in insolvency of the respondents.

KNOWLTON, J.    Section 9 of the Pub. Sts. c. 191, in regard to mechanic's liens, is as follows: " Unless a suit for enforcing the lien is commenced within ninety days after the person desiring to avail himself thereof ceases to labor on, or to furnish labor or material for the building or structure, the lien shall be dissolved." The intervening petitioners, Nutter and Seabury, ceased to labor on or furnish labor for the building on February 13, 1897, and they filed their petition claiming a lien on June 28, 1897, more than ninety days thereafter. The only question in the case is whether their lien can now be enforced, on the ground that the suit of another creditor, in which notice was given to the owner of the building and to all other creditors having liens of the same kind upon the same estate, and in which these petitioners intervened and filed their petition, was, before they filed their petition, a suit for enforcing the lien of these petitioners, within the meaning of the section above quoted.

The language is explicit. " The lien " is dissolved unless a suit " for enforcing the lien" is commenced within the ninety days. To preserve the lien a suit must seasonably be commenced, whose object, or one of whose objects, is to enforce the lien. A suit brought to enforce another lien, without any reference to the lien in question, does not preserve it. Where there are other liens, a suit may be commenced in either of three ways: a petition may be filed to enforce this lien alone; or a joint petition may be made including this and other liens, under section 15 of the statute; or upon notice under section 16 in another suit to enforce a similar lien, a petition may be filed. But in one of these ways a suit must be commenced within ninety days, or the lien is dissolved. It was the purpose of the Legislature to prescribe a short period of limitation in order that real estate might not be left subject to an encumbrance of this kind without prompt measures being taken to enforce the claim against it. *Hilliard* v. *Allen*, 4 Cush. 532, 536. *Gilson* v. *Emery*, 11 Gray, 430.

The petitioner contends that the Pub. Sts. c. 191, §§ 39 and 40, recognize a right in creditors, who have commenced no suit within ninety days after ceasing to perform or furnish labor or materials, to avail themselves of a suit seasonably commenced by another creditor to enforce another lien, and thus to enforce their claims. See also St. 1888, c. 344. But under these sections it is only a creditor " having a lien " who may prove his claim or take advantage of the suit. A creditor who allows the ninety days to pass without bringing a suit to enforce his lien does not come within the description, for his lien was dissolved by the provision of the statute, and he no longer has a lien.

The intervening petitioners rely upon *Dewing* v. *Wilbraham Congregational Society*, 13 Gray, 414. Apparently no question in regard to the time within which the petitions must be brought was considered in that case. The opinion is in two sentences, and it is said that the case is not distinguishable from *Parker* v. *Bell*, 7 Gray, 429, which does not refer to any question like that now before us. The statute which we have quoted was not passed until after both of these cases arose, but first appeared, as an amendment to the St. of 1855, c. 431, § 2, in the St. of 1858, c. 55. If the limitation of seventy days under the St. of 1851, c. 343, had been applied in *Dewing* v. *Wilbraham Congregational Society*, as it was in *Gilson* v. *Emery*, 11 Gray, 430, the claims of all the petitioners would have been barred by the statute; if it was not to be applied, then they were all presented in time, without reference to the time of bringing the petition on which notice was given.

The filing of an appearance by the intervening petitioners after notice served upon them was not commencing a suit to enforce their lien within the meaning of the statute. The appearance filed by counsel contained no statement of a claim, or of a purpose to enforce or attempt to enforce a lien.

*Order of the Superior Court affirmed.*