### Job Monaghan *vs.* Farley B. Goddard.

Suffolk.    January 27, 1899. — May 20, 1899.

Present: Holmes, Knowlton, Morton, & Lathrop, JJ.

*Mechanic's Lien — Exceptions — Law and Fact — Labor done under Sub-contract — Evidence.*

If a bill of exceptions alleged at the trial of a petition to enforce a·mechanic's lien, under Pub. Sts. c. 191, does not purport to state all the material evidence bearing upon the questions raised, requests for rulings that the petitioner cannot maintain his action, and that each item in the account is not supported by sufficient evidence and should be disallowed, will be held to have been properly refused.

Where, at the trial of a petition to enforce a mechanic's lien, under Pub. Sts. c. 191, the evidence is conflicting upon the question whether any labor was performed on a certain day, which was within thirty days prior to the filing of the certificate of lien, it is a question of fact for the judge sitting without a jury to decide between the witnesses, and this court cannot say that there was no evidence that work was not done on that day.

A mechanic's lien may be established for labor done by a person other than the petitioner under a subcontract with him; and, at the trial of a petition to enforce the lien, a paper containing an account of such labor written and given to the petitioner by the subcontractor is admissible in evidence on the issue of the petitioner's good faith in making the statement contained in the certificate of lien.

Petition to enforce a mechanic's lien, under Pub. Sts. c. 191, for labor performed in the construction of a house in Wellesley. Trial in the Superior Court, without a jury, before *Stevens, J.,* who found for the petitioner; and the respondent alleged exceptions, which appear in the opinion.

*C. E. Washburn,* for the respondent.

*W. R. Bigelow,* for the petitioner.

Lathrop, J.    This is a petition to enforce a mechanic's lien, filed July 30, 1892: The certificate of lien was filed in the registry of deeds on June 2, 1892. The last day on which labor is alleged to have been performed is May 5, 1892. The petitioner claimed $302.57 for labor, and there are sixty-two items. The justice of the Superior Court disallowed a number of items, and found for the petitioner in the sum of $237.69, with interest from July 29, 1892. The case is before us on the respondent's exceptions.

One Barrett had contracted to build a house for the respondent, and the petitioner was a subcontractor for the mason work and materials. The petitioner sublet the lathing to one Fogarty for sixty dollars, this being at the rate of two dollars per thousand for laying the laths.

At the time the certificate and the petition were filed, the St. of 1892, c. 191, was in force, which amended the Pub. Sts. c. 191, § 6, by adding the words: "But no statement required by this section shall be deemed to be invalid or insufficient solely by reason of any inaccuracy in stating or failing to state the contract price, the number of days of labor performed or furnished, and the value of the same: provided it is shown that there was no intention to mislead, and that the parties entitled to notice of the statement were not in fact misled thereby."

The exceptions before us do not purport to state all the material evidence bearing upon the questions raised, and for that reason, if for no other, we are of opinion that the first and fifth requests for rulings were properly refused.* *Tangney* v. *Sullivan*, 163 Mass. 166.

The second request for a ruling is that there is no evidence upon which the court can find that any labor was performed or furnished by the plaintiff within thirty days prior to the filing of the certificate. The petitioner kept no time book, but relied upon entries made in his diary. The diary was not put in evidence, but the witness was allowed to refresh his recollection therefrom. The diary contained this entry relating to the premises in question on May 5, 1892: "Bill putting on mortar in Goddard's cellar. Mason ½ day on Goddard's cellar." It appeared in evidence that the last sentence was added when he was making up the account. The witness testified that he wrote these words as an estimate, but could not now swear that one half day's work was done at that time, and that he did not see any work being done on that date; but afterwards was in the cellar, and saw that twenty or twenty-five feet of plastering had been put on the ceiling of the cellar; that he told Bill (William Donohue) to go up there, and intended to take his other men there to finish the job on the Goddard house, but thinking

---

* These requests for rulings were as follows : " 1. The petitioner cannot maintain his action. . . . 5. Each item in the account is not supported by sufficient evidence, and should be disallowed."

it over he got disgusted, and drove up about ten o'clock in the forenoon to the Goddard house; and that he called Donohue to come out, and took him away with him.

The petitioner further testified that the man whom he sent to the house on May 5, 1892, was to the best of his knowledge and belief one Mead, who had since died.

Donohue's testimony was to the effect that he did some plastering on the ceiling in the basement in April, and did not go to the house afterwards.

It was a question of fact for the judge to decide between the witnesses. We cannot say that there was no evidence that work was not done on the house on May 5. See *Monaghan* v. *Putney,* 161 Mass. 338; *Miller* v. *Wilkinson,* 167 Mass. 136.

The fourth ruling requested is not argued, and may be considered as waived.

The sixth ruling requested is as follows: " That the paper said to have been written by John Fogarty should be excluded." Fogarty, as we have already said, was a subcontractor to do the lathing. The petitioner's claim contains items for thirty-one days' labor at three dollars a day. The petitioner testified that he kept no account of the time the men worked, but he produced an account of the time which he said was written up and given him by Fogarty. The admission in evidence of the paper being objected to, the respondent's counsel agreed that if upon the evidence of a subcontract a lien could be established for labor performed in lathing for any amount, it might be established for sixty dollars, without further proof of the days of labor so performed. The court, against the respondent's objection, ruled that the lien for lathing was established, and allowed sixty dollars on that account. The court also ruled that the paper was admissible only upon the question of the petitioner's good faith in making up the account contained in his certificate of lien. It is clear that the ruling of the judge was right that the petitioner had a lien for the labor done under the subcontract. *Daley* v. *Legate,* 169 Mass. 257. *Perry* v. *Potashinski,* 169 Mass. 351. The only question can be as to the admission of the paper. We see no reason why this was not admissible on the issue of good faith on the part of the petitioner in making the statement he did in the certificate of lien.

*Exceptions overruled.*