HENRY G. BURRELL & another *vs.* WILLIAM T. WAY
& another.

ELLERY P. CLAPP *vs.* SAME.

Norfolk.    March 9, 1900. — May 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Mechanic's Lien — Amendment of Petition — Time of filing Petition — Work colorably performed.*

A petitioner to enforce a lien on buildings and land whose statement, filed in the registry of deeds, and whose petition both recited that he ceased to perform labor and furnish materials on September 13, may, after his petition has been so amended as to include labor and materials furnished on September 15, be allowed to testify that the recital in the statement was a mistake, and that he furnished labor and materials on September 15.

At the trial of a petition to enforce a lien on buildings and land, in which the petitioner testified that he charged the respondent $6 per day for the labor of a plumber and his assistant to whom he was paying $2.83⅓ per day, and that such charge was the regular market price for such labor and was agreed to by the respondent, a request by the respondent to instruct the jury that such charge was sufficient to warrant a finding that the petitioner had wilfully and knowingly claimed more than was due him was properly refused.

At the trial of a petition to enforce a lien on buildings and land, it appeared that the last material furnished by the petitioner, except certain piazza columns, was furnished September 30; that it did not appear that any time was fixed by the contract within which the columns were to be delivered, and their delivery was delayed by him until October 23 for the purpose of extending and preserving his lien; and that he filed his certificate of lien on October 29. *Held,* that the judge was not bound as matter of law to rule that the delivery of the columns on October 23 did not extend the time within which the statement must be filed.

If a petition to enforce a lien on buildings and land, filed December 13, and the statement, filed in the registry of deeds, both recite that the petitioner ceased to furnish labor and materials on September 13, it is too late, after the allowance of an amendment of the petitioner, so as to include labor and materials furnished on September 15, to raise the question that the petition was not seasonably filed.

TWO PETITIONS to enforce liens on buildings and land under Pub. Sts. c. 191. At the trial in the Superior Court, before *Bell,* J., the jury returned a verdict for the petitioner in each case, and the respondents alleged exceptions. The material facts appear in the opinion.

*J. W. Keith,* for the respondents.

*O. A. Marden,* for the petitioners.

LATHROP, J.   These are two petitions to enforce liens on buildings and land, under the Pub. Sts. c. 191.   In the Superior Court verdicts were returned for the petitioners, and the respondents alleged exceptions.   So far as these are open and were insisted upon at the argument we proceed to consider them.

1. In his statement of lien filed in the registry of deeds on October 13, 1897, Burrell stated that he ceased to perform and furnish labor and materials on September 13, 1897.   His petition was filed in the Superior Court on December 13, 1897, and recited that he ceased to perform and furnish labor and materials on September 13, 1897.   On January 5, 1899, by leave of court, his petition was allowed to be amended so as to include labor furnished to and including September 15, 1897.   The first exception is to the judge allowing Burrell to testify that the recital in the statement was a mistake, and that he furnished materials and labor on September 15, 1897.

There can be no question of the power of the judge to allow the petitioner to amend his petition, for this is expressly given by the Pub. Sts. c. 191, § 20.   The respondents however contend that there is nothing in the statutes which allows the statement of lien to be amended.   This contention is correct, but the respondents have overlooked the fact that § 6 of this chapter does not in terms require that the statement should contain any averment as to the time when the petitioner ceased to furnish labor or materials.   It does require that the lien shall be dissolved unless the statement is filed in the registry of deeds, within thirty days after the person seeking to avail himself thereof ceases to labor on or furnish labor or materials for the building.   *Brosnan* v. *Trulson*, 164 Mass. 410.   Moreover, this section is amended by the St. of 1892, c. 191, by adding the words, " But no statement required by this section shall be deemed to be invalid or insufficient solely by reason of any inaccuracy in stating or failing to state the contract price, the number of days of labor performed or furnished, and the value of the same : provided, it is shown that there was no intention to mislead, and that the parties entitled to notice of the statement were not in fact misled thereby."   See *Monaghan* v. *Goddard*, 173 Mass. 468.

2. The next question is whether the court should have in-

structed the jury as requested by the respondents : " That the claim of the petitioner to charge $6 per day for what he was paying $2.83⅓ per day is evidence sufficient, if believed by the jury, to warrant a finding that the petitioner has wilfully and knowingly claimed more than was due him." But this was not all the evidence on the subject. The exceptions state : " The petitioner testified and introduced evidence tending to show that the two men for whose labor these prices were charged were a plumber and pipe fitter and his assistant, and that the price so charged was the regular market price charged for such labor, and that the price so charged was agreed to by himself and the respondent's agent, Leighton."

We are of opinion that the judge was right in refusing to give the instruction requested, and in leaving the question to the jury on all the evidence.  *Borden* v. *Mercer*, 163 Mass. 7.  See *Walls* v. *Ducharme*, 162 Mass. 432.

3.  Clapp testified that he retained four piazza columns in his yard for two or three weeks, after he delivered all the other material, until October 23, 1897, " with the idea and purpose among other things to extend and preserve his lien." It did not appear that there was any time fixed by the contract within which it was the duty of Clapp to furnish the piazza columns. The last material furnished by him before the piazza columns was on September 30, 1897, and he filed his statement on October 29, 1897.

We are of opinion that the judge was not bound to rule, as matter of law, that the delivery of the four cedar columns on October 23, 1897, did not extend the time within which the statement must be filed.  *Monaghan* v. *Putney*, 161 Mass. 338.  *Miller* v. *Wilkinson*, 167 Mass. 136.  *Monaghan* v. *Goddard*, 173 Mass. 468.

4.  Lastly, the respondents contend that neither petition was filed in the Superior Court in season.  No such question was raised in the court below in regard to the petition of Clapp, and no request for such a ruling was made.  In the case of Burrell such a request was made, and we proceed to consider it.

It is provided by the Pub. Sts. c. 191, § 9 : " Unless a suit for enforcing the lien is commenced within ninety days after the person desiring to avail himself thereof ceases to labor on or to

furnish labor or materials for the building or structure, the lien shall be dissolved." See *Davis* v. *Arthur*, 170 Mass. 449. The argument of the respondent is that as the petition was filed on December 13, 1897, it was filed one day too late, because the statement filed in the registry of deeds and his petition set forth that he ceased to labor and furnish materials on September 13. But, as we have already seen, the petition was allowed to be amended to include labor furnished to and including September 15, 1897. As we have held that the court below had power to allow this amendment, it was too late, after the amendment was allowed, and evidence was admitted to sustain the amendment, to raise the question that the petition was not seasonably filed.

*Exceptions overruled.*