José Delgado González, peticionario, *v.* La Corte de Distrito de Humacao, Hon. Gabriel Castejón, Juez, demandado.

No. 528.—*Visto:* Julio 19, 1926. *Resuelto:* Noviembre 18, 1926.

1. Certiorari—Naturaleza y Fundamentos—Existencia del Recurso de Apelación.—En el caso de autos, aún cuando el peticionario tenía el remedio de apelación, dentro de las circunstancias concurrentes, se considera aquél en sus méritos.

2. Embargos— Reclamaciones por Terceras Personas — Tercerías— Sobreseimiento del Pleito Principal—Efecto—En General.—Efectuado un embargo y presentada tercería, la resolución que ordene el archivo por abandono del pleito principal no releva al tercerista de su deber de proseguir su acción probando que la propiedad embargada le pertenecía.

3. Embargos— Reclamaciones por Terceras Personas — Tercerías— Sobreseimiento del Pleito Principal—Notificacion al Tercerista—Falta de Notificación y Efecto.—La falta de notificación a un tercerista de una resolución ordenando el archivo por abandono del pleito principal no puede favorecer a dicho tercerista por haber dejado de proseguir su acción.

4. Embargos— Reclamaciones por Terceras Personas — Tercerías— Sobreseimiento del Pleito Principal—Notificacion al Tercerista—En General. —Si es necesario notificar a un tercerista de todos los pasos dados por las partes *inter sese,* o solamente de actos que afectan sus intereses, *quaere.*

5. Embargos—Reclamaciones por Terceras Personas—Tercerías—Naturaleza

Y FORMA; DEL REMEDIO.—Un tercerista tiene el deber de proseguir su caso probando su título contra cualquiera de las partes en la acción que motivó la tercería o contra ambas.

6. EMBARGOS—RECLAMACIONES DE TERCERAS PERSONAS—TERCERÍAS—ABANDONO DE LA ACCIÓN—PARTE VICTORIOSA.—El abandono del procedimiento de tercería convierte al opositor—demandante en la acción principal—en la parte victoriosa.

CERTIORARI para revisar fallo de *Gabriel Castejón*, J. (Humacao), contra un tercerista y sus fiadores por el valor de la propiedad reclamada por aquél y orden denegando reconsideración de otra que desestimó moción para que se dejara sin efecto dicho fallo. *Anulado el auto expedido.*

*M. Rodríguez Serra*, abogado del peticionario; *González Fagundo & González, Jr.*, abogados del interventor.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En septiembre de 1921 Avelino Márquez demandó a Saturnino Dávila en cobro de varios miles de pesos y embargó un auto-camión como de la propiedad del demandado. En agosto 20 de 1922 intervino José Delgado González, el peticionario en el presente recurso de *certiorari*, alegando que la propiedad embargada era suya y prestó la fianza acostumbrada suscrita por dos fiadores para que le devolvieran el auto-camión. Hasta el día 15 de diciembre de 1922, el caso no presentaba ningún aspecto legal distinto a otros casos de tercería. Sin embargo en dicha fecha la corte ordenó el archivo del caso principal por haber sido abandonado por Avelino Márquez Díaz, el demandante en el mismo.

El tercerista y peticionario en este recurso, según deducimos de la petición, descansando en una creencia falsa por este supuesto abandono y archivo, dejó de proseguir su propia demanda de tercería y con excepción de sus medidas originales, no dió paso alguno para asegurar su título al auto-camión hasta que averiguó que se había dictado una sentencia contra él y sus fiadores. Sucedió que por estipulación entre el demandante y el demandado en el pleito original se dejó sin efecto la orden del 15 de diciembre de 1922, y se restableció este caso en el calendario pocos días

después de haberse archivado; que después de varios procedimientos preliminares, incluyendo el juicio, el demandante obtuvo en 1924 sentencia contra el demandado en la acción principal; que después de resolverse la apelación en esta corte el demandante solicitó se dictara sentencia contra el tercerista y la obtuvo en 12 de mayo de 1926. Entonces el tercerista solicitó que se dejara sin efecto la sentencia contra él y sus fiadores y cuando su moción fué desestimada pidió su reconsideración, la que también le fué denegada.

[1] Es enteramente evidente que el peticionario tenía un remedio, el de apelación. Fuimos inducidos a librar este auto de *certiorari* en gran parte debido a las varias alegaciones de que no se había notificado al peticionario de procedimientos importantes. Probablemente debimos haber dejado que el peticionario se valiera del recurso de apelación, pero habiendo asumido jurisdicción y habiendo intervenido para la buena resolución de esta petición inevitablemente el período de vacaciones, consideraremos el caso en sus méritos.

[2] El peticionario alegó varias veces que la resolución de diciembre 15 de 1922 ordenando el archivo del caso por abandono le hizo creer o estar bajo la impresión de que el procedimiento de embargo quedó extinguido por dicha resolución. El peticionario evidentemente asume que dicha resolución era una sentencia que ponía fin al caso. La resolución de diciembre 15 de 1922 no era en su forma ni en la práctica corriente tal sentencia final. Dicha resolución no concede costas ni ordena al secretario que registre una sentencia final a favor del demandado. En el presente caso el demandante vino a la corte al día siguiente de dictarse la resolución, o sea el 16 de diciembre de 1922, y dijo que él había equivocado el día de la vista y la corte, mediante estipulación de las partes a ese efecto, prontamente dejó sin efecto su resolución. En la práctica corriente o de conformidad con el artículo 140 del Código de Enjuiciamiento Civil una corte restablecerá un caso que esté decididamente

en condiciones más desfavorables y sería culpable de abuso de discreción si así no lo hiciera. La posición del peticionario como tercerista no fué legalmente variada o afectada por la resolución de la corte ordenando el archivo del caso o dejando sin efecto dicha resolución, y el peticionario no tenía derecho a confiar en el supuesto abandono.

[3, 4] Igualmente la supuesta falta de notificación de tal decisión no puede favorecer al peticionario. El efecto, si lo hubo, de la falta de notificación de la resolución ordenando el archivo únicamente podía anular la validez de dicha resolución dejando el pleito original en todo su vigor. Además el peticionario en este caso confía mucho en dicha resolución y es claro que él tenía conocimiento de ella. También él estaba obligado a saber que la resolución no era final, y que fácilmente podía dejarse sin efecto. A lo sumo la falta de notificación no podía afectar al peticionario porque como veremos su deber principal era proseguir su propia demanda de tercería. De conformidad con el demandado tenemos serias dudas de si es necesario notificar a un tercerista de todos los pasos dados por las partes *inter sese,* o solamente de actos que afectan sus intereses.

Sobre esta supuesta cuestión de falta de notificación los autos presentan un aspecto peculiar. Fulgencio Piñero, era el abogado del demandado en el pleito original. El peticionario, según él mismo alega, puso su defensa en manos de dicho abogado. Este último, según el peticionario alegó en la corte inferior, pasó el caso a Celestino Benítez. El peticionario manifestó a la corte que él siempre creyó que el Lcdo. Fulgencio Piñero le representaba y que confiaba en dicho abogado. La corte dijo incidentalmente que el Lcdo. Piñero no tenía derecho a representar al peticionario; sin embargo, el hecho cierto es que el Lcdo. Piñero fué contratado originalmente por el peticionario y también es un hecho que dicho abogado fué notificado de todos los procedimientos en el caso. No creemos que se cometiera error y

ciertamente no vemos perjuicio alguno en estas supuestas faltas de notificación.

[5] Un tercerista tiene el deber, como cualquier otro demandante, de proseguir su caso. La controversia existe entre él y las partes en el pleito original y se refiere casi exclusiva, si no totalmente, al dominio de los bienes embargados. El demandado en el pleito original, así como el demandante, tienen el derecho a que se les oiga sobre si la propiedad embargada es suya. Aun satisfaciendo la reclamación de un demandante por vía de ejecución, el demandado aún podría tener derecho al sobrante, en caso de que lo hubiera. Al abandonar el demandante el pleito el demandado tenía derecho a que se le devolviera el auto-camión embargado, siempre que la reclamación del tercerista no fuese superior. El deber de un tercerista es probar su título contra cualquiera de las partes en el pleito original o contra ambas, y el demandado, si se dicta sentencia a su favor en el pleito principal, tiene derecho a su día en corte en la acción subsidiaria. Con el supuesto abandono o abandonos de la demanda original no se relevó al tercerista de su deber de probar que la propiedad embargada le pertenecía.

[6] El demandante en el pleito original obtuvo sentencia contra el demandado el día 12 de mayo de 1924. El peticionario no se queja de que no se le notificara esta sentencia. La siguiente resolución aparece en los autos del procedimiento de tercería:

"DISTRITO JUDICIAL DE HUMACAO, P. R.

EN LA CORTE DE DISTRITO

"José Delgado González,                 Civil No. 8541.
        *vs.*                        SOBRE:
Avelino Márquez Díaz, et al.        Tercería Bienes Muebles.

"ARCHIVO POR ABANDONO
RESOLUCIÓN.

"Hoy 21 de noviembre de 1924, señalado para que compareciera

la parte demandante a exponer razones por las cuales no deba tenérsele por desistida de su acción en este caso, por falta de instancia, toda vez que ha transcurrido más de un año, sin que haya hecho gestión alguna en el sentido de proseguir este caso, la corte ordena el sobreseimiento y archivo del mismo, sin especial condenación de costas.

"Dada en Corte abierta, en Humacao, P. R., a 21 de Noviembre de 1924.

(Fdo) Pablo Berga,
Juez del Distrito.

"Copia de la anterior resolución remitida a Celestino Benítez, Juncos, abogado del demandante, hoy 21 Noviembre 1924.

(Fdo) R. Ramírez, Jr.,
Secretario."

Copia de esta resolución fué enviada a Celestino Benítez. El peticionario se queja de que este aviso no era suficiente, pero no nos aclara por qué no lo era. El 6 de mayo de 1926 el demandante solicitó que se dictara sentencia en contra del tercerista y de sus fiadores y la obtuvo. No podemos convenir con el peticionario sobre cuestión alguna de notificación o de un supuesto derecho a confiar en el abandono por el demandante. El peticionario también alega que de acuerdo con la ley debe haber una parte victoriosa y que en este caso no la hubo. El abandono del procedimiento de tercería convirtió a su opositor, el demandante, en la parte victoriosa.

La única seria duda que hemos tenido en este caso es si la corte inferior no debió haber hecho uso de su discreción a favor del peticionario de acuerdo con el artículo 140 del Código de Enjuiciamiento Civil. El peticionario alegó que tenía un buen derecho de propiedad y en realidad nunca se le oyó sobre esa cuestión, debido quizás a la negligencia de sus abogados. La única sentencia final en contra de él estaba fechada en mayo de 1926 y su moción a la corte fué presentada en tiempo y en debida forma. Sin embargo el peticionario no ha invocado en esta corte tal fundamento, sino que ha confiado en supuestas infracciones a sus dere-

chos. El peticionario alega que fué inducido a error por el abandono o inactividad del demandante. No obstante, durante cuatro años él dejó de probar su título y la negligencia de su abogado o abogados debe imputársele a él.

Bajo estas circunstancias no estamos preparados a decir, especialmente de propia iniciativa, que la corte abusó de su discreción y *debe anularse el auto expedido.*

El Juez Asociado Sr. Hutchison no intervino en la resolución de este caso.