ERNESTO SUEIRAS, Intervener and Appellee, *v.* ANTONIO MONROIG, Defendant and Appellant; ALFREDO HERES, Defendant.

No. 5512.  Argued June 18, 1931.—Decided July 24, 1931.

*R. Muñoz Ramos* for appellant.  *Artemio P. Rodríguez* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is an appeal from a judgment by default against the defendants in an intervention proceeding relating to personal property. As appears from the record, Ernesto Sueiras initiated this proceeding by presenting to the marshal of the Municipal Court of Bayamón a sworn petition in which he alleged that in an action of debt prosecuted in said municipal court by Antonio Monroig against Alfredo Heres, the plaintiff, for the purpose of securing the effectiveness of any judgment that might be rendered, had obtained the attachment of eight head of cattle which the claimant had acquired by purchase and branded with his initials as registered in the municipality, and which were held by Heres under a lease.

The intervener further demanded possesion of the cattle and attached the proper bond, and stated that he made his claim in good faith.

A bond for $700 was furnished and approved by the marshal on August 28, 1929.

At this stage, on June 10, 1930, the clerk of the District Court of San Juan notified attorney E. Márquez Huertas, Antonio Monroig, and Alfredo Heres that the affidavit and bond above mentioned had been filed in his office.. On July 21, 1930, the intervener appeared by writing, pursuant to the special Act governing the matter, and on the 24th he filed a motion in which he prayed that, because of the defendants' failure to appear, a judgment by default be rendered against them in accordance with section 12 of said act. The court rendered judgment accordingly in the following October, declaring that the movables attached belonged to the intervener and ordering the dissolution of the attachment and the cancellation of the bond.

The defendants were served with notice of the judgment, from which Monroig has taken an appeal. He assigns three errors in his brief.

The first error assigned, is that the District Court of San Juan acted without jurisdiction, which belonged to the District Court of Bayamón.

Appellant invokes section 17 of the Act regarding intervention proceedings (*Ley de Tercerías*), which provides that where the value of the property attached exceeds $500, as happens now, the court with jurisdiction of the case is the district court before which appeals lie from the decisions of the court decreeing the attachment, and he alleges that inasmuch as the marshal of the municipal court did not forward the affidavit and the bond to the District Court of San Juan until July 9, 1930, that court could not have acquired jurisdiction, since the District Court of Bayamón had commenced to function on July 1, as prescribed in section 7 of the Act establishing the same.

It is true that section 7 of the act referred to by the appellant provides that the same shall take effect on July 1, 1930; but it is also true that under the Organic Act it could not take effect until the 28th of the said month of July, as it was not expressed in the statute that an emergency existed for the act to take effect before the expiration of the ninety days fixed by the Organic Act. The said statute, which is Act No. 57, Session Laws of 1930, p. 414, was enacted on April 28, 1930.

That being so, and as the District Court of San Juan had already taken cognizance of the intervention proceeding at the time the Ditrict Court of Bayamón started functioning, it had the right to proceed further in the matter, in accordance with the express provisions of the first section of the said Act No. 57 of 1930.

By the second error assigned it is claimed that the petition is insufficient, and three reasons are adduced therefor.

The first is that it had not been set forth that the claim was made in good faith. It was alleged in the petition that the claim was made in good faith. The petition is sworn to by the intervener. Section 1 of the applicable statute (Comp.

1911, p. 854) prescribes that any intervener "may make oath . . . that such claim is made in good faith." From an examination of the oath in the present case, we find that it might have been more specific and perfect, but not that it justifies the conclusion that it is void, especially since the question is raised for the first time on appeal.

The second reason is that the bond given does not follow the form set forth in section 6 of said act, in that it fails to state that the attached property shall be returned to the officer who levied the attachment. This is true, but as it is stated in the bond that the property shall be returned to the plaintiff, and as section 6 which has been invoked begins thus: "The form of the bond shall be substantially as follows," the error is immaterial. This question is also raised for the first time on appeal.

As to the third reason, that is, the insufficiency of the allegation of ownership, the summary of the petition made by us at the beginning of this opinion is enough to conclude that the allegation is sufficient.

The third and last error assigned is that the action has prescribed because the Act relating to intervention proceedings provides that the officer who takes the oath and receives the bond "shall forthwith return" them to the proper court, and that in the present case the oath was taken on August 28, 1929, and the return was not made until July 1930.

It is true that "it is the duty of an intervener, like any other complainant, to *prosecute his claim*" (*Delgado* v. *District Court*, 36 P.R.R. 6), as urged by the appellant; but it is also true, as stated by the appellee, that "a defendant cannot, for the first time on appeal, urge the laches of complainant in bringing or in prosecuting his suit." 2 Cyc. 666. *Larkin* v. *Mullen*, 128 Cal. 449, 60 Pac. 1091; *Randolph* v. *Know County*, 114 Mo. 142, 21 S. W. 592; *Burrell* v. *Way*, 176 Mass. 164, 57 N. E. 335.

What has occurred here shows the wisdom of the jurisprudence invoked by the appellee. After the filing of the

appellant's brief in which the error under consideration was assigned, the appellee moved to amend the record by adding to it certain matters which showed that intervention proceedings had previously been instituted before the district court, and that a demurrer interposed by the defendant and unopposed by the intervener had been sustained on the ground that the appearance had taken place without the oath and the bond having been sent up. The failure to send them up was due to the action of the marshal in sending them to the municipal court on the belief that the latter court was the proper court to entertain the proceeding. The amendment was allowed, and now the appellant complains that there have been included in this suit documents which form no part of the record. Such is, indeed, the case; but if the question had been raised in the court *a quo,* the party charged with negligence would surely have defended himself by producing such proof, and the documents would then form part of the record.

We have mentioned this incident merely by way of illustration. The documents ought not to have been included in the transcript; and their merits have not been considered by us. Our conclusion that the assignment is without force rests on the fact that there is no basis for its consideration as the objection has been raised for the first time on appeal.

The appeal must be dismissed and the judgment appealed from affirmed.