Ernesto Sueiras, tercerista y apelado, *v.* Antonio Monroig y Alfredo Heres, demandados y apelante el primero.

No. 5512.—*Sometido:* Junio 18, 1931. *Resuelto:* Julio 24, 1931.

*R. Muñoz Ramos,* abogado del apelante; *Artemio P. Rodríguez,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El presente es un caso de tercería de bienes muebles fallado en rebeldía de las partes demandadas. De los autos aparece que Ernesto Sueiras inició el procedimiento por medio de petición jurada presentada al márshal municipal de Bayamón, alegando que en el pleito seguido en la corte municipal de dicho pueblo por Antonio Monroig contra Alfredo Heres, en cobro de dinero, a los efectos de asegurar la sentencia que pudiera dictarse, el demandante obtuvo que se embargaran como de la propiedad del demandado ocho cabezas de ganado que eran de su propiedad por haberlas adquirido por compra, estando el ganado marcado con su sello registrado en el municipio, y teniéndolo Heres en arrendamiento.

Reclamó además el tercerista la posesión del ganado, acompañando la fianza correspondiente y alegando que hacía tal reclamación de buena fe.

La fianza prestada lo fué por setecientos dólares. El márshal la aprobó el 28 de agosto de 1929.

Así las cosas, el 10 de julio de 1930 el Secretario de la Corte de Distrito de San Juan notificó al Lic. E. Márquez Huertas y a Antonio Monroig y Alfredo Heres que se había radicado en la secretaría a su cargo el juramento y la fianza antes dichos. Compareció por escrito el tercerista de acuerdo con la ley especial sobre la materia el 21 de julio, 1930, y el 24 presentó una moción pidiendo que no habiendo comparecido los demandados se dictara sentencia en rebeldía en su contra, de acuerdo con lo dispuesto en la sección 12 de la indicada ley. En octubre siguiente la corte dictó sentencia de conformidad declarando que los bienes embargados pertenecían al tercerista y ordenando el levantamiento del embargo y la cancelación de la fianza.

Notificada la sentencia a los demandados, apeló Monroig. En su alegato señala la comisión de tres errores.

■■ Por el primero sostiene que la Corte de Distrito de San Juan actuó sin jurisdicción, por corresponder ésta a la Corte de Distrito de Bayamón.

Invoca la sección 17 de la Ley de Tercerías que dispone que cuando el valor de la propiedad embargada, como en este caso, excede de $500, corresponde conocer del pleito a la corte de distrito para ante la cual procediera apelar de la sentencia que pudiera dictarse en el pleito en el que se hubiere decretado el embargo, y alega que no habiendo remitido el márshal municipal el juramento y la fianza a la Corte de Distrito de San Juan hasta el 9 de julio de 1930, no pudo dicha corte adquirir jurisdicción por haber comenzado a actuar la Corte de Distrito de Bayamón desde julio 1, tal como prescribe la sección 7 de la ley que la creara.

Es cierto que la sección 7 de la ley a que se refiere el apelante dispone que empezará a regir el 1 de julio de 1930, pero también lo es que de acuerdo con el Acta Orgánica no pudo entrar en vigor hasta el 28 del dicho mes de julio, ya que

en ella no se expresó que existía un caso de necesidad imperiosa o urgente para que rigiera antes de los noventa días que fija la sección 34 del Acta Orgánica. La expresada ley, que es la No. 57 de 1930, Leyes de 1930, p. 415, fué aprobada el 28 de abril de 1930.

Siendo ello así, habiendo ya comenzado a conocer de la tercería la Corte de Distrito de San Juan cuando inició sus actuaciones la del Distrito de Bayamón, tenía jurisdicción para continuar conociendo, de conformidad con los expresos términos de la sección primera de la repetida ley No. 57, de 1930.

■■ Por el segundo señalamiento de error se sostiene que la petición no aduce hechos suficientes, por tres motivos.

Es el primero que no se expuso que la reclamación se hacía de buena fe. En el cuerpo de la petición se alegó que la reclamación se hacía de buena fe. La petición está jurada por el tercerista. La ley sobre la materia, Comp. 1911, p. 889, en su sección primera prescribe que el tercerista "podrá prestar juramento . . . . . haciendo constar que dicha reclamación se hace de buena fe." Examinado el juramento en este caso, creemos que pudo ser más específico y perfecto, pero no que deba concluirse que es nulo, especialmente cuando la cuestión se levanta por vez primera en apelación.

Es el segundo motivo que la fianza prestada no se ajusta a la fórmula que da la misma ley, sección 6, al no consignar que la propiedad embargada será devuelta al agente que hubiere practicado el embargo. Ello es cierto, pero consignándose como se consigna en la fianza que la devolución se hará al demandante y comenzando la sección 6 invocada, así: "La forma de la fianza será en substancia, como sigue", el error no es fundamental. La cuestión se levanta también por vez primera en apelación.

Y en cuanto al tercero, o sea a la insuficiencia de la alegación de propiedad, basta el extracto que de la petición

hicimos al principio de esta opinión, para concluir que es suficiente.

■ Por el tercero y último señalamiento de error se sostiene que la acción está prescrita porque la ley de tercería dispone que el agente que hubiere tomado el juramento y recibido la fianza los "remitirá inmediatamente" a la corte correspondiente y aquí habiéndose tomado el juramento en agosto 28, 1929, no fué hasta julio del 1930 que se hizo la remisión.

Es cierto que "un tercerista tiene el deber, como cualquier otro demandante, de proseguir su caso" (*Delgado* v. *Corte de Distrito,* 36 D.P.R. 6), como sostiene el apelante, pero también lo es, como dice el apelado, que "un demandado no puede, por vez primera, en apelación, levantar la cuestión de 'laches' de un demandante en iniciar su acción o en proseguir su caso." 2 Cyc. 666 (VI). *Larkin* v. *Mullen,* 128 Cal. 449; 60 Pac. 1091; *Randolph* v. *Knox County,* 114 Mo. 142; 21 S. W. 592; *Burrell* v. *Way,* 176 Mass. 164; 57 N. E. 335.

Lo ocurrido aquí ilustra la sabiduría de la jurisprudencia invocada por el apelado. Archivado el alegato del apelante en que se levanta el error que analizamos, el apelado pidió que se le permitiera corregir el récord agregando a él ciertas constancias demostrativas de que en la corte de distrito se había iniciado antes la tercería, declarándose con lugar una excepción del demandado, a la que se allanó el tercerista, porque se había verificado la comparecencia de éste sin haberse elevado el juramento y la fianza, debiéndose el no envío a haberlos remitido el márshal a la corte municipal por creer que era la que debía intervenir en el asunto. La corrección fué admitida y ahora el apelante se queja de que se han agregado a este pleito documentos que no forman parte de sus autos, y así es en efecto, pero si la cuestión se hubiera suscitado en el tribunal *a quo,* la parte acusada de

negligencia se hubiera defendido aportando seguramente esa prueba y entonces los documentos formarían parte del récord.

Nos hemos referido al incidente meramente como una ilustración. Los documentos no debieron agregarse a la transcripción y sus méritos no han sido considerados por nosotros. Nuestra conclusión de que el señalamiento de error carece de fuerza, se funda en que no hay base para considerarlo por haberse suscitado por vez primera en apelación.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*