EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN IZQUIERDO. Y JESÚS SIERRA, acusados y apelantes.

No. 4573.—*Sometido:* Febrero 18, 1932. *Resuelto:* Julio 20, 1932.

*Pedro G. Quiñones,* abogado de los apelantes; *R. A. Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Juan Izquierdo y Jesús Sierra fueron acusados de tener leche adulterada para la venta. La acusación alegó reincidencia. La reincidencia fué tomada en consideración al dictarse sentencia, la que impuso penas distintas a ambos acusados. Estos apelaron.

El primer señalamiento de error es que la Corte de Distrito de Bayamón carecía de jurisdicción sobre la materia o los acusados, toda vez que la Ley No. 57 de abril 28, 1930 (Leyes de ese año, página 415) creando dicha corte es inconstitucional.

El primer argumento bajo este señalamiento es que la ley fué aprobada el 28 de abril, 1930, para empezar a regir el 1°. de julio del mismo año. Los apelantes mantienen que la ley era inconstitucional porque no expresó emergencia alguna en razón de la cual debiera entrar en vigor antes de noventa días, que es el período ordinario después de cuyo transcurso ha de empezar a regir una ley de la legislatura. El fiscal invita nuestra atención al hecho de que lo único que dispone la sección 34 es que una ley sólo debe entrar en vigor noventa días

después de su aprobación. El apelado está dispuesto a admitir que la corte quizás no podía actuar hasta el 28 de julio, o sea, noventa días después que el Gobernador aprobó el proyecto. No sólo fué la acusación presentada el 6 de mayo de 1931, sino que se alegó que los hechos imputados se cometieron el 21 de abril de 1931. Convenimos con el gobierno en que la intención de la Legislatura fué crear una corte de distrito, y, por consiguiente, que el supuesto error en cuanto a la fecha en que empezaría a regir la ley no era incompatible con las disposiciones de la Carta Orgánica. Hay un caso de este tribunal que tiene alguna relación con el presente. *Sueiras* v. *Monroig*, 42 D.P.R. 751. Allí se entabló un pleito en la Corte de Distrito de San Juan, y se alegó que la Corte de Distrito de Bayamón era el tribunal adecuado. Se resolvió que la ley creando la Corte de Distrito de Bayamón no podía empezar a regir hasta el 28 de julio de 1930, y que, por tanto, la Corte de Distrito de San Juan retuvo la jurisdicción.

El segundo argumento fué que la Corte de Distrito de Bayamón como tal jamás fué claramente establecida por la ley. Esta, en su sección primera, lee así:

"Por la presente se crea una Corte de Distrito, del Distrito Judicial de Bayamón, Toa Alta, Toa Baja, Vega Alta, Vega Baja, Dorado, Corozal, Naranjito, Comerío, Guaynabo y Cataño. Esta corte tendrá su asiento en Bayamón, y su jurisdicción exclusiva, de apelaciones y extraordinaria, será la misma que en la actualidad tienen las demás cortes de distrito de Puerto Rico; *disponiéndose,* que la Corte de Distrito de San Juan, tal y como está constituída en la actualidad, tendrá jurisdicción para seguir conociendo de toda acción, causa o procedimiento ex parte, civil o criminal, que esté pendiente en la actualidad ante dicha Corte de Distrito de San Juan, proveniente de cualquiera de los municipios que por la presente Ley pasan a formar la Corte de Distrito del Distrito Judicial de Bayamón."

La legislatura claramente indicó su intención de que la corte tuviera su asiento en Bayamón. Así también lo veremos por el título. Al final de la sección se habla del distrito judicial de Bayamón. Esta cuestión fué hasta cierto grado anticipada por el fallo de este tribunal en *Toro et al.* v. *Corte*

*de Distrito,* 30 D.P.R. 542. Si bien hubo opiniones concurrentes, paréceños que no hubo divergencia respecto al punto suscitado en este caso, que en forma similar fué planteado en el caso anterior, a saber, que las palabras empleadas eran suficientes para crear una corte de distrito.

■ Se impugna la suficiencia del título de la ley. Lee como sigue: "Ley para crear la Corte de Distrito del Distrito Judicial de Bayamón, determinar sus funcionarios y asignar los fondos necesarios para las atenciones de la misma." No podemos dudar que este título es un rótulo (*sign post*) completo del contenido de la ley.

■ ■ Tal como entendemos el cuarto argumento, la contención es que a la Corte de Distrito de Bayamón no se le dió jurisdicción sobre casos civiles y criminales sino solamente sobre apelaciones y sobre los casos abarcados por la jurisdicción extraordinaria que tenían las otras cortes de distrito. Somos de opinión que la ley claramente indicó la intención de establecer una corte de distrito, y que las palabras "jurisdicción exclusiva, de apelaciones y extraordinaria" podían ser consideradas como superfluas. En otras palabras, la intención de la legislatura fué que la Corte de Distrito de Bayamón fuera igual a las demás cortes de distrito. Esto podría estar indicado por las disposiciones de que la Corte de Distrito de San Juan continuará conociendo de "toda acción, causa o procedimiento ex parte, civil o criminal, que esté pendiente en la actualidad ante dicha Corte de Distrito de San Juan," es decir, cualquiera otra acción civil que surgiera después del 28 de julio de 1930, debería pasar de la Corte de Distrito de San Juan a la de Bayamón.

Los señalamientos de error segundo y tercero se refieren a la apreciación de la prueba. El único rasgo especial que distingue este caso de adulteración de leche por sus hechos es que uno de los acusados ocupó la silla testifical para manifestar que la leche acababa de llegar y que él siempre la

examinaba con un lactómetro y que si resultaba mala no la vendía. Aun si esto constituía una defensa la corte no estaba obligada a creer la declaración.

*No hallamos que se cometiera error alguno y la sentencia debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.