ALEJANDRO TORRES PATRÓN, demandante y apelado, *v.* MIGUEL MÉNDEZ, demandado y apelante.

No. 5648.—*Sometido:* Febrero 4, 1932. *Resuelto:* Noviembre 10, 1932.

*Leopoldo Tormes* y *L. López de Victoria,* abogados del apelante; *Luis .B. Blasco,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El demandado apela de una sentencia adversa en una acción entablada contra un patrono no asegurado a causa de lesiones personales recibidas por un obrero.

Alega que la corte de distrito erró al desestimar una excepción previa a la demanda; al resolver que la Ley de Indemnizaciones a Obreros aprobada el 14 de mayo de 1928 (Ley No. 85 de 1928, p. 631) comenzó a regir el 12 de agosto de ese año; y al no fallar el caso a tono con las disposiciones de la ley anterior de 1918 (Ley No. 10 de 1918, p. 55) según fué enmendada en 1921 y 1925 (Leyes No. 61 y No. 102 de 1921 y 1925, págs. 473 y 905, respectivamente). La excepción previa se fundaba en falta de hechos suficientes para constituir causa de acción por no contener la demanda ciertas alegaciones exigidas por la ley de 1918.

Los artículos 388 y 389 del Código Político leen como sigue:

"Artículo 388. El tiempo en que cualquier acto prescrito por la ley debe cumplirse, se computará excluyendo el primer día e incluyendo el último, a menos que éste sea día de fiesta, en cuyo caso será también excluído.

"Artículo 389. Cuando algún acto haya de ejecutarse bajo la ley o en virtud de contrato en un día señalado, y tal día ocurriere en día de fiesta, dicho acto podrá realizarse en el próximo día de trabajo, teniendo el mismo efecto que si se hubiera realizado en el día señalado."

El accidente ocurrió el domingo 12 de agosto de 1928. La Ley de Indemnizaciones por accidentes del trabajo empezaba a regir noventa días después de su aprobación en mayo 14. Eso fué en efecto el día del accidente a menos que ese día haya de ser excluído, por ser de fiesta legal, al computar el tiempo. Los noventa días en cuestión no eran "el tiempo en que cualquier acto prescrito por la ley" debía "cumplirse". La ley no señaló acto alguno a realizarse el día 12 de agosto. No podemos convenir con el apelante en que la ley empezó a regir el lunes 13 de agosto simplemente porque el domingo 12 de agosto fuera día de fiesta.

Otros señalamientos alegan que la sentencia es contraria a derecho y a los hechos; y que la corte de distrito erró al conceder costas, incluyendo honorarios de abogado, al demandante. Carecen igualmente de mérito.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.