DESTILERÍA SERRALLÉS, INC., demandante y apelada, *v.* RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, demandado y apelante.

Núm. 9322.—*Sometido:* Noviembre 7, 1946. *Resuelto:* Noviembre 15, 1946.

*Hon. Procurador General Interino Luis Negrón Fernández, (E. Campos del Toro, Procurador General,* en el alegato) y *Carlos Santana Becerra, Procurador General Auxiliar,* abogados del apelante; *Vicente Zayas Pizarro,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El Artículo 34 de la Carta Orgánica dispone que ''Ninguna ley de la Asamblea Legislativa entrará en vigor . . . hasta noventa días después de su aprobación . . . ''. 48 US CA, Sección 827. La cuestión a decidirse en este caso es si al calcular los noventa días debe contarse o no el día en que se aprueba la ley.

El 12 de mayo de 1942, se aumentó de $1.20 a $2.00 por galón el impuesto sobre espíritus destilados de 100° prueba. Sección 2, Ley núm. 234, Leyes de Puerto Rico, 1942 ((1) pág. 1333). Alega el Tesorero que el impuesto así aumentado ya estaba en vigor el 10 de agosto de 1942 cuando, a los fines de pagar el impuesto, empleados de la Destilería Serrallés, Inc. y del Tesorero aforaron 11,317.54 galones de dichos espíritus que la corporación había elaborado con anterioridad al 10 de agosto pero que había depositado en un almacén de adeudo de conformidad con la sección 10 de la Ley núm. 6, Leyes de Puerto Rico, 1936, Tercera Sesión Extraordinaria. La contribuyente pagó bajo protesta la diferencia entre el impuesto al tipo anterior y el impuesto al nuevo tipo—$9,954.04—y radicó demanda para recobrar dicha suma. El caso se encuentra ante nos en apelación del Tesorero contra sentencia sumaria a favor de la contribuyente.

La Ley núm. 234 se aprobó(¹) el 12 de mayo de 1942. Si debemos incluir al calcular los noventa días después de su aprobación el día 12 de mayo, la Ley núm. 234, con su tipo de impuesto aumentado, estaba en vigor el 10 de agosto—fecha en que se midieron estos espíritus—y debe revocarse entonces la sentencia de la corte de distrito. Por otro lado, si no se incluye el 12 de mayo, la Ley no entró en vigor hasta el 11, y debe prevalecer la contención de la contribuyente.(²)

Encontramos en varias constituciones y leyes estatales una disposición similar al Artículo 34. Esta disposición se ha interpretado generalmente en el sentido de que debe excluirse de los noventa días la fecha de la aprobación. *State v. Mounts,* 14 S. E. 407 (W. Va., 1891); *Halbert v. San Saba Springs Land & Live-Stock Ass'n,* 34 S. W. 639 (Tex., 1896); *McGinn v. State,* 65 N. W. 46 (Neb., 1895); *Sindall v. Mayor, etc., of Baltimore,* 49 A. 645 (Md., 1901); *Dennis v. Spencer,* 47 N. W. 795 (Minn., 1891); 1 Sutherland *On Statutory Construction,* Tercera Edición, sección 1612, págs. 279–80. Presumiblemente el Congreso tenía conocimiento del significado que ya tenía establecido la frase "noventa días después de su aprobación" cuando la incorporó en nuestra Carta Orgánica.

Convenimos con el Tesorero en que el artículo 388 del Código Político(³) no gobierna este caso. Como dijimos en *Torres v. Méndez,* 44 D.P.R. 7, esto es así porque el artículo

(¹)La palabra "passage" tal como se usa en el Artículo 34 de la Carta Orgánica significa "aprobación" por el Gobernador. *León v. Torruella,* 99 F.2d 851 (C.C.A. 1, 1938).

(²)Si bien la sección 5 de la Ley núm. 234 dice que empezará a regir inmediatamente después de su aprobación, se admite que no votaron a favor de la misma las dos terceras partes de todos los miembros de la Legislatura. En su consecuencia, de conformidad con el artículo 34 de la Carta Orgánica, no entró en vigor hasta noventa días después de su aprobación.

(³)Dicho artículo dispone como sigue: "El tiempo en que cualquier acto prescrito por la ley debe cumplirse, se computará excluyendo el primer día e incluyendo el último, a menos que éste sea día de fiesta, en cuyo caso será también excluído."

388 sólo es de aplicación cuando hay una situación en que deba cumplirse un acto prescrito por la Ley, y no cuando como en este caso simplemente está envuelto un cálculo matemático de conformidad con los términos del artículo 34 de la Carta Orgánica. Además, si el Congreso definitivamente establece una fórmula para calcular la fecha de vigencia de legislación insular, nuestra Legislatura no puede modificar tal disposición. Sin embargo, es de alguna ayuda el artículo 388 ya que éste adopta para una situación análoga la misma doctrina establecida en los casos que gobiernan la cuestión aquí envuelta.

El apelante no cita casos de estricta aplicación en contra de esta conclusión. Descansa únicamente en los casos que resuelven que una Ley del Congreso, en ausencia de disposición en contrario, entra en vigor inmediatamente después de su aprobación, y no al siguiente día, *Arnold* v. *United States,* 13 U. S., 103, *Matthews* v. *Zane,* 20 U. S. 164; que se presume que dicha ley es ley desde el primer instante del día de su aprobación, *Lapeyre* v. *United States,* 84 U. S. 191, 198, a menos que la parte que sostiene lo contrario presente prueba de la hora exacta de su aprobación. *Burgess* v. *Salmon,* 97 U. S. 381; *Louisville* v. *Savings Bank,* 104 U. S. 469. Basándose en estos casos, el apelante arguye que toda vez que la corporación no introdujo prueba de la hora en que se aprobó la Ley núm. 234, los noventa días después de su aprobación se calculan desde el comienzo del día 12 de mayo de 1942 hasta la media noche de agosto 9. Esto querría decir que la Ley estaba en vigor el 10 de agosto.

Convenimos con la contribuyente en que los casos federales envuelven una situación diferente. Si una Ley federal —o como cuestión de hecho, una insular—es aprobada para tener efecto inmediatamente, no procede la contención de que tendrá efecto al siguiente día en vez del día de su aprobación. La palabra "inmediatamente" significa lo que dice, y la Ley entra en vigor en seguida. El único problema en di-

chos casos es si la Ley entra en vigor al comienzo del día en que se aprobó o a la hora verdadera de aprobación. Pero aquí nada tenemos que ver con la hora del día en que una Ley entra en vigor. Nuestro problema consiste en la manera de calcular los noventa días después de su aprobación, independientemente de la hora del día en que se aprobó la Ley. Y los casos que tratan nuestra cuestión específica están en contra del Tesorero.

Ninguno de nuestros casos discute este problema. Tiene razón el apelante al decir que en *Torres* v. *Méndez,* 44 D.P.R. 7, este Tribunal, sin exponer las razones para así hacerlo, incluyó el día de la aprobación al calcular los noventa días provistos en el artículo 34. Por otro lado, sin exponer tampoco ningún motivo detallado para ello, excluímos la fecha de la aprobación en los casos de *Sueiras* v. *Monroig,* 42 D.P.R. 751, y *Jiménez* v. *Junta de Retiro,* 61 D.P.R. 171, 178. Por los motivos expuestos en esta opinión, el segundo fué el método correcto para hacer el cálculo.

*La sentencia de la corte de distrito será confirmada.*