HENRY D. HYDE & others *vs.* MOXIE NERVE FOOD
COMPANY.

Suffolk.   November 21, 1893. — March 1, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Partnership — Principal and Agent — Attorney and Client — Compensation
for Professional Services.*

The dissolution of a partnership does not prevent the maintenance of an action for
the recovery of a debt due to the firm.

If A. employs B. to do certain work, and B., with A.'s assent, employs C. to do parts
of the work, B. assuming the responsibility for C.'s work, B. is entitled to recover
from A. a reasonable compensation for the work done, without regard to what
B. has paid C.

In an action by an attorney at law for services rendered, the defendant has no
ground of exception to a ruling that, in the absence of any agreement as to the
price or value of the plaintiff's services, he was entitled only to a fair and
reasonable compensation.

Official salaries paid by the State cannot be taken as a standard or limit of com-
pensation to be recovered in an action by an attorney at law for professional
services.

HOLMES, J.   This is an action to recover for services rendered
and expenses incurred by the plaintiffs as attorneys for the de-
fendant.   The case is here on the defendant's exceptions to the
refusal of the judge below to make certain rulings requested by
it.   The defendant was not represented before us by professional
counsel, and the argument on its behalf took a wide scope.   But
much as under some circumstances we might feel the force of
the general considerations addressed to us, we are not at liberty
to go beyond the questions of law raised by the requests, and
we necessarily confine ourselves strictly to them.

The first ruling requested was as follows: " That if the evi-
dence should prove that Henry D. Hyde, Marquis F. Dickinson,
Jr., and Elmer P. Howe were not copartners at the time the
present action was brought, the plaintiffs cannot recover."   This
seems to be founded upon an imperfect analogy.   It is said that
a firm is a legal person, and that a dead person cannot sue.   But
a firm is not a person in the sense supposed.   For technical pur-
poses of suing or being sued the law does not know the firm, but

only the men composing it. If we leave technicalities on one side and consider practical convenience, it would not do at all to let dissolution, for instance by the death of a member, prevent the collection of debts due to the firm. If authority is needed, the point is settled by decisions. *Fish* v. *Gates*, 133 Mass. 441. *Page* v. *Wolcott*, 15 Gray, 536.

The exceptions to the refusal to give the second and third rulings requested are waived.

The fourth ruling requested was: " That the plaintiffs cannot recover for any alleged services of Hollis R. Bailey, their employee, beyond the amount which they have actually paid him for services rendered to the defendant corporation." If, as is assumed in this request, the defendant employed the plaintiffs and did not employ or contract with Bailey, and if the plaintiffs with the defendant's assent did employ Bailey to do parts of the work, they taking the responsibility to the defendant, then, as between the defendant and them, the work was their work, and they were entitled to be paid a reasonable price for it, without regard to what they paid Bailey, which might be more or less than what was reasonable, and could not include the responsibility asssumed by the plaintiffs.

As to the fifth and sixth requests,* the court instructed the jury that, in the absence of any agreement as to the price or value of the plaintiffs' services, they were entitled only to a fair and reasonable compensation. It could not have gone further. It could not set up the salaries paid by the State as a standard or a limit. Free competition prevails at the bar as well as elsewhere, and different men command different rates of compensation, — some of them much in excess of any official salaries. Thus far the experience of the Commonwealth has been that

---

* These requests for instructions were as follows :

" 5. Legal services requiring but ordinary skill are only entitled to ordinary compensation, measured by what such services can be purchased for in open market, if the plaintiffs had no contract.

" 6. The jury, while estimating the amount that the plaintiffs should receive for their services in said case, must not exceed the amount the government of Massachusetts pays to its officials in the department of justice doing like service, that requires no more ability, because the plaintiffs are officers of the court and attached to its department of justice by law as much as its other officials."

this freedom has not operated to keep citizens from the courts, or to shut the poor off from justice.     *Exceptions overruled.*

*A. Thompson,* for the defendant.

*H. R. Bailey & S. Williston,* for the plaintiffs.