CORNELIUS W. WALLS & another *vs.* DAMIEN DUCHARME.

Worcester.    October 2, 1894. — November 30, 1894.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Mechanic's Lien — Repeal by Implication — Filing of Statement in Registry of Deeds—Overcharges for Labor—Evidence—Question for Presiding Justice.*

Section 8 of Pub. Sts. c. 191, which provides in the case of liens on buildings and land that certain inaccuracies in the statement to be filed in the registry of deeds under § 6 of the statute shall not invalidate the lien unless the person filing it has wilfully and knowingly claimed more than is his due, is not repealed by the St. of 1892, c. 191, which amends said § 6 to the effect that no statement required by it shall be invalid for certain inaccuracies provided there was no intention to mislead and the parties entitled to notice were not in fact misled thereby.

If, at the trial without a jury of a petition to establish a mechanic's lien, there is evidence of overcharges for labor in the statement filed in the registry of deeds, and also evidence in explanation of such overcharges, it is for the judge to say whether, on all the evidence, the improper charges were made ignorantly, or whether the petitioner wilfully and knowingly claimed more than his due; and the appearance and manner of the petitioner in testifying may be taken into account.

LATHROP, J.    This is a petition for a mechanic's lien, under the Pub. Sts. c. 191.    The respondent is the owner of a lot of land,

and one Searles, rightfully acting for him, made an entire contract with the petitioners to furnish labor and materials to be used in the erection of a building on the lot, for the sum of $2,645. No notice was given, as required by § 3 of the statute to give the petitioners a lien for materials, but an attempt was made to enforce a lien for the labor by filing a statement in the registry of deeds under § 6. This statement showed the amount due for labor, after allowing a credit of $265.75, to be $632.25.

The case was sent to an auditor, who found that the balance due for labor was $242, and also found that the petitioners, in their statement filed in the registry of deeds, did not wilfully and knowingly claim more than was due them; and that they were entitled to enforce their lien.

At the trial in the Superior Court, without a jury, the judge found as a fact that the petitioners wilfully and knowingly in said statement claimed more than their due, and found for the respondent; and the case comes before us on the petitioners' bill of exceptions, which contains an abstract of the evidence at the trial in the Superior Court, and the auditor's report.

One of the issues framed by the parties, and on which the case was tried, both before the auditor and the court, was this: " Did the petitioners, in the statement which they filed in the registry of deeds of the amount due them for labor, wilfully and knowingly claim more than was due them for such labor? " In framing this issue, the parties evidently had in mind § 8 of the statute, which is as follows: " The validity of the lien shall not be affected by any inaccuracy in the statement relating to the property to be covered by it, if such property can be reasonably recognized from the description, nor by any inaccuracy in stating the amount due for labor or materials, unless it appears that the person filing the statement has wilfully and knowingly claimed more than is his due."

It is not contended that this section is repealed by implication by the amendment to § 6, enacted by the St. of 1892, c. 191, which adds, at the end of § 6, the following: " But no statement required by this section shall be deemed to be invalid or insufficient solely by reason of any inaccuracy in stating or failing to state the contract price, the number of days of labor performed or furnished, and the value of the same: provided it

is shown that there was no intention to mislead, and that the parties entitled to notice of the statement were not in fact misled thereby." Section 8 and the amendment to § 6 may well stand together, and we are of opinion that § 8 is still in force.

The question then is whether there was any evidence to warrant the judge in finding that the petitioners wilfully and knowingly claimed more than their due. In our opinion there was. The auditor's report was *prima facie* evidence in favor of the petitioners, but the case did not rest upon it. The petitioners both testified, and there was other evidence. Without going over this in detail, it is enough to call attention to the difference between the statement filed by the petitioners and the testimony of their bookkeeper. In the statement each petitioner charged for his labor six dollars a day. The bookkeeper testified that the salary of each was four dollars a day. In the statement charges were made for some of the men at the rate of four dollars a day, who, as the books and the evidence showed, were paid only one dollar and a half a day. There were also charges of six dollars a day for the labor of other men, who were paid from two to three dollars a day. There was undoubtedly evidence in explanation of the overcharges in the statement. The evidence for the petitioners tended to show that this was caused by the fact that each of four of the workmen had a helper, and that what was paid the helpers was included in the amounts charged as paid the workmen; also that the petitioners included in the charge for labor not only the amount paid the helpers, but a charge for rent, coal, breakage of tools, risk of business profit on labor, and perhaps other matters. It was for the judge to say whether, on all the evidence, these improper charges were made ignorantly, or whether the petitioners wilfully and knowingly claimed more than their due. The appearance and manner of the petitioners in testifying could be taken into account, and may have had much to do in determining the question in issue. We cannot say that there was no evidence which would warrant the judge in finding as he did. The order therefore must be,

*Exceptions overruled.*

*C. M. Rice,* (*H. W. King* with him,) for the petitioners.

*B. W. Potter & H. W. Aiken,* (*E. J. McMahon* with them,) for the respondent, were not called upon.