Amos C. Borden & another *vs.* William L. Mercer.

Middlesex.    November 23, 1894. — January 4, 1895.

Present: Field, C. J., Allen, Holmes, Knowlton, & Barker, JJ.

*Mechanic's Lien — Exceptions — Statement of Account — Consent of Owner — Worth of Labor.*

If the statement of account filed by a person seeking to enforce a mechanic's lien, under Pub. Sts. c. 191, for labor furnished under a contract for labor and materials in the erection of a house, sets out the amount due, which the court finds to be the true amount, it is no objection to the statement that it does not set out the contract price or the credits to be allowed for materials to the person with whom the petitioner contracted, it being admitted that there was no intention to mislead, and it being found by the court that the party entitled to notice of the statement was not misled by it, as provided for in St. 1892, c. 191, amending Pub. Sts. c. 191, § 6.

A. held an agreement from B. to sell him the land on which a building was being erected by A., on condition that the latter should complete the building at his own expense and in his own behalf, B. making the advances for that purpose, which were to be paid back before the land was conveyed. C. made with A. a sub-contract to furnish labor and materials in the erection of the house. B. saw C. at work, and afterwards told him that he had given A. the money to pay him. *Held*, upon a petition by C. against B. to enforce a mechanic's lien, under Pub. Sts. c. 191, for labor furnished under his sub-contract, that this agreement was with the consent of the owner of the building, within § 1.

A finding of the judge upon the trial of a petition to enforce a mechanic's lien, under Pub. Sts. c. 191, for labor furnished under a contract in the erection of a house, that the labor was reasonably worth what was charged for it, disposes of

a request for a ruling which was refused, that the petitioner could not charge a profit on his own labor, or on the labor which he furnished, above the amount which he actually paid for the labor, or which was the going price of that class of labor.

HOLMES, J. This is a petition to enforce a mechanic's lien for labor furnished under a sub-contract for labor and materials in the erection of a house. The case comes before us on exceptions to the refusal of certain rulings, which we will deal with in their order.

1. The first was to a refusal to rule that on the whole evidence the petitioners could not maintain their lien. As this exception is not supported by any arguments except those addressed to the more specific rulings asked, we shall not discuss it separately.

2. The next ruling asked was that the certificate was defective. The defects relied on are that it did not set out the contract price, or the credits to be allowed for materials to the parties with whom the petitioners contracted. It was admitted that there was no intention to mislead, and the court found that the parties entitled to notice of the statement were not misled by it; so that the case is within the words and meaning of St. 1892, c. 191, amending Pub. Sts. c. 191, § 6, as to the contract price. The certificate purported to set out, and did set out, a " true account of the amount" due the petitioner, " with all just credits given," if that is necessary in a case of this sort. It stated the amount due to be $149.50, and the judge has found that amount to be due. Any inaccuracy would have been cured by Pub. Sts. c. 191, § 8.

3. The third ruling requested was that the agreement made by the petitioners with Hunniwell and Newton, the intervening contractors, was not with the consent of the owner of the building, within Pub. Sts. c. 191, § 1. Hunniwell and Newton held an agreement from the defendant to sell them the land on which the building stood, on condition that they should complete the building at their own expense and on their own behalf, the respondent making the advances for that purpose, which were to be paid back before the land was conveyed. This agreement is not to be distinguished from those agreements which have been held to import consent in the many cases which have been before this court. *McCue* v. *Whitwell*, 156 Mass. 205. *Carew* v.

*Stubbs*, 155 Mass. 549, 551. Although Hunniwell and Newton were to complete the building on their own behalf, they were not required to do all the work personally. Furthermore, if it were necessary to rely on other evidence, the respondent saw the petitioners at work, and afterwards told them that he had given Hunniwell and Newton the money to pay them.

4. The last ruling requested and refused was that the petitioners could not charge a profit on their own labor, or the labor which they furnished above the amount which they actually paid for the labor, or which was the going price of that class of labor. This ruling was asked with reference to evidence that the going price for tenders was $2.50 a day, and for plasterers $3.50, and that the petitioners paid these prices. The judge found that the labor was reasonably worth what was charged for it. The statute in terms gives a lien for labor furnished, as well as for labor performed, §§ 1, 2, 6, and under contracts like that of the petitioners requires it to be ascertained what the labor was worth, § 2. The finding of the judge disposes of the request. But labor furnished may be worth more than is paid to the laborer, even if the laborer is paid the going rate, or a reasonable price. *Hyde* v. *Moxie Nerve Food Co.* 160 Mass. 559, 560. In *Walls* v. *Ducharme*, 162 Mass. 432, the difference between the sum paid and the sum charged was very great, and the question was whether there was evidence that the petitioner knowingly claimed more than was due.

*Exceptions overruled.*

*R. W. Light & C. F. Light*, for the respondent.

*C. B. Loud*, for the petitioners.