WALTER J. ROONEY *vs.* PORTER-MILTON ICE Co.

Middlesex.    March 5, 31, 1931. — April 2, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Contract*, What constitutes, Implied. *Accountant. Evidence*, Relevancy. *Practice, Civil*, Requests, rulings and instructions.

A question, asked by the plaintiff in direct examination of a witness at the hearing by a judge without a jury of an action upon an account annexed for the value of services rendered by the plaintiff as a public accountant specializing in Federal tax cases and admitted to practice before the United States internal revenue department, in support of a claim of the plaintiff that he was entitled to receive in compensation for his services the "usual compensation of tax specialists and attorneys who are employed by taxpayers on similar cases," "What have you paid in those cases you referred to or what have your clients paid the tax attorneys that handled tax cases where something was saved," and the answer, "From twenty per cent to thirty-five per cent," were inadmissible as raising collateral issues, and the error in admitting them in evidence was prejudicial and required the sustaining of an exception to their admission.

An exception by the defendant was sustained to a refusal by the judge hearing the action above described to rule, "If the court finds that the parties agreed that the plaintiff's charge should be based upon

the amount of work done, all plaintiff is entitled to recover is a reasonable compensation for the time expended by him in connection with the matter in question," there having been evidence warranting a finding at least of an implied agreement between the plaintiff and the defendant that the charges should be based upon the amount of the work done; in the absence of a statement by the judge that he did not find the facts stated in the ruling, it could not be assumed that he did not so find.

There being no evidence of a special agreement between the parties as to how much the plaintiff should be paid for his services, the trial judge hearing the action above described erred in denying a request by the defendant that he rule that, "The plaintiff is not entitled to recover the amount paid by him to any assistant as such; but the work done by the assistant may be considered in determining the amount to which the plaintiff became entitled"; such request depended upon the principle that, in the absence of a special agreement, the plaintiff was entitled to recover the fair value of the services of himself and his assistant, without regard to the question of how much he had actually paid or obligated himself to pay to his assistant, and, from the refusal, it must be assumed that the judge considered that the request embodied an erroneous ruling of law as applied to the facts of the case, and based his finding upon the assumption that the law was otherwise.

CONTRACT. Writ dated November 8, 1927.

In the Superior Court, the action was heard by *Burns*, J., without a jury. Material evidence and rulings by the judge are stated in the opinion. There was a finding for the plaintiff in the sum of $4,578.60. The defendant alleged exceptions.

*F. L. Norton*, for the defendant.

*O. W. Taylor*, for the plaintiff.

PIERCE, J.   This is an action of contract, which was heard in the Superior Court before a judge without a jury, and comes to this court, after a finding for the plaintiff, on the exceptions of the defendant to the admission of evidence and the refusal of the trial judge to instruct himself as requested by the defendant. The declaration contains two counts for the same cause of action, the first in *quantum meruit* and the other upon an account annexed. The answer is a general denial and payment.

The evidence warranted a finding that the plaintiff at and before the time of his alleged services to the defendant was, and had been since 1919, a public accountant specializing

in Federal tax cases, and was admitted to practice before the United States internal revenue department. In January, 1925, a United States revenue agent who was examining the books of the defendant had proposed a large additional tax. In consequence of a talk with the defendant's attorney, the plaintiff saw one Henry F. Johnson, the "president, general manager and director of defendant," who thereupon employed him to go over the books and look after the interest of the defendant. In connection with this employment and in respect to the compensation to be paid the plaintiff for services to be rendered, Johnson testified: "I ask him how much the expenses would probably be and he says he can't tell this. I say can you give me some idea of about how much it would cost to go over our books and look after our interests. He says no. He says it will be according to the amount of work I have to do. I can't determine that until after I have gone through your books." The record does not disclose a denial by the plaintiff of the above testimony or any statement of a different agreement, or any claim of the plaintiff other than a legal right to have a fair and reasonable compensation for his services and expenses which the plaintiff and his witness estimated at $6,000 or $6,500. Nor on the record is there any dispute that the plaintiff rendered valuable services to the defendant which resulted in a substantial reduction of the additional tax.

In support of his claim that he was entitled to receive in compensation for his services the "usual compensation of tax specialists and attorneys who are employed by taxpayers on similar cases," the plaintiff, subject to the exception of the defendant, was permitted to ask, and a witness was permitted to answer, the following question: "What have you paid in those cases you referred to or what have your clients paid the tax attorneys that handled tax cases where something was saved?" The answer was: "From twenty per cent to thirty-five per cent." This question and answer were clearly prejudicial and were inadmissible, for the reason that a collateral issue was thereby raised which involved an inquiry into the nature of the services actually rendered in each of the cases referred to, the agreement

for compensation if there was any, and, more particularly, a consideration of the professional ability and standing of the attorney. *Heblich* v. *Slater*, 217 Penn. St. 404, 409. *Coco-Cola Co.* v. *Moore*, 256 Fed. Rep. 640, 642.

At the close of the testimony the defendant filed the following requests for rulings: (1) "If the court finds that the parties agreed that the plaintiff's charge should be based upon the amount of work done, all plaintiff is entitled to recover is a reasonable compensation for the time expended by him in connection with the matter in question"; (2) "The plaintiff is not entitled to recover the amount paid by him to any assistant as such; but the work done by the assistant may be considered in determining the amount to which the plaintiff became entitled." The judge refused said requests and found for the plaintiff. The defendant "duly excepted separately to the court's refusal to give each of said requests."

The exception to the refusal to give the first request must be sustained. There was evidence, above quoted, which would have warranted the judge in finding at least an implied agreement between the plaintiff and the president of the defendant that the charges should be based upon the amount of the work done. If the judge did not find the facts to be as stated in the testimony of Johnson, and recited in the prayer, he should have so stated in a finding of fact, otherwise it cannot be assumed he did not find the facts to be true. Or, he should have stated that, finding the facts to be true, he found they were inapplicable and did not overcome the weight of other testimony and the inferences of fact which he drew therefrom. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 17. *Schmoll Fils & Co. Inc.* v. *S. L. Agoos Tanning Co.* 256 Mass. 195.

Request 2 should have been given. *Hyde* v. *Moxie Nerve Food Co.* 160 Mass. 559. *Borden* v. *Mercer*, 163 Mass. 7, 9. The request depends upon the principle that in the absence of a special agreement, the plaintiff was entitled to recover the fair value of the services of himself and his assistant, without regard to the question of how much he

had actually paid or obligated himself to pay to his assistant. Since his request was refused, it must be assumed the judge considered that the request embodied an erroneous ruling of law as applied to the facts of the case, and based his finding upon the assumption that the law was otherwise.

*Exceptions sustained.*