Pettingell, P. J.
Action of contract between a landlord and tenant by which the tenant seeks to recover from the landlord triple damages and other items of overcharges of rent in violation of the Emergency Price Control Act of 1942 as amended.
The evidence established the fact that in September 1944 the defendants leased a furnished apartment in Nahant at *66 136 Flash Road to the plaintiff for forty-five dollars a month which was the registered rent of the apartment. Before the lease was executed the plaintiff endeavored to hire the apartment unfurnished, as she had furniture of her own to move in. The response to this attempt was a statement by one of the defendants that the tenant would have to take the premises furnished or not at all. The plaintiff next asked what she would do with the defendant’s furniture in the apartment and was told that she would have to rent garage space in the garage building behind the cottage next door at the rate of $5.00 per month, and that although she had no ear she would have to take the garage space if she wanted to take the cottage at No. 136. The lease as executed, August 24,1944, called for the rental of 136 Flash Road, furnished, at forty-five dollars a month and garage space in the rear of 138 Flash Road at $5.00 per month, to take effect, September 2,1944. On that date the defendants filed in the Rental Area Office a report in which they recited no change “in the cottage” and as follows: “have rented garage space at rear of 138 Flash Road at $5.00 per month.” The defendants made the following requests for rulings:
“1. Under the Emergency Price Control Act of 1942 as amended, the authority of the Price Administrator to establish maximum rents is restricted to rents for housing accommodations. (See Section 2, Subsection B.) 2. Rent regulations issued by the Price Administrator under the authority of the Emergency Price Control Act of 1942 as amended are applicable to housing accommodations only. (See Public Document No. 50382, Section 1.) 3. The term ‘housing accommodations’ does not include a separate building or part thereof rented for storage of furniture. 4. Providing storage space in a separate building is not a privilege, service, or facility connected with the use of a furnished dwelling within the provisions of rent regulations. 5. If the Defendants in letting or leasing a fur *67 nished dwelling to the Plaintiff also let or leased a space in a separate building on a separate lot of land to the Plaintiff to be used by the Plaintiff for storing furniture, the rent charged or received by the Defendants for such space and use is not subject to the provisions of the Emergency Price Control Act of 1942 as amended. 6. If the Defendants in letting or leasing a furnished dwelling to the plaintiff also let or leased space in a separate building upon a separate lot of land to the Plaintiff for her use for storing furniture, the rent charged or received by the Defendants for such space or use is not subject to the provisions of rent regulations issued by the Price Administrator under the authority of the Emergency Price Control Act of 1942 as amended. 7. Even if the Defendants violated the provisions of a regulation issued by the Price Administrator under the Emergency Price Control Act of 1942 as amended, the Plaintiff may only recover in this action for violations which occurred within one year of the bringing of this action (within one year of March 27, 1946.) (See Emergency Price Control Act of 1942 as amended, Section 205, Subsection E.) 8. Even if the Defendants violated any regulations issued by the Price Administrator in accordance with the authority conferred by the Emergency Price Control Act of 1942 as amended, the Plaintiff is not entitled to recover treble damages if such violation was neither willful nor the result of failure to take practicable precautions against the occurence (sic) of such violation. 9. If the Defendants notified the Essex County Defense-Rental Area Office of the leasing or letting of space for storage of furniture and of the amount of rent charged therefor at or about the time of such leasing or letting then, if such leasing or letting was in violation of the regulations issued under the authority of the Emergency Price Control Act of 1942 as amended, such violation was neither willful nor the result of failure' to take practicable precautions against its occurrence. 10. Even if the Defendants violated a regulation issued by the Price Administrator under the authority of the Emergency Price Control Act of 1942 as amended, the Defendants are liable in this action only for the amount of overcharges accruing from March 27,1945, to March *68 27, 1946, together with reasonable counsel fees and costs, if it appears that the Defendants gave notice of the terms and conditions of the letting of their property to the Essex County Defense Rental Area Office at or about the time of letting or leasing. ’ ’
“The trial judge denied the 5th, 6th, 9th and 10th requests for rulings and gave as reasons for such denials, the following: In denying the Defendants’ 5th request for ruling, the Court ruled that ‘Increase of rent is subject to approval by Rent Director. ’ In denying the Defendants’ 6th request for ruling, the Court found or ruled as follows: ‘ The leasing of space in garage was subterfuge. ’ In denying the Defendants ’ 9th request for ruling, the Court ruled as follows: ‘Mere notice to Area Rent Office is insufficient. Defendants had burden of procuring assent of Director to increase.’ In denying the Defendants’ 10th request for ruling, the Court ruled as follows: ‘Mere filing of notice without assent from Area Rent Director was insufficient. ’ ”
The trial judge found the following facts:
“On August 24,1944, the Defendants, as lessors, and the Plaintiff, as lessee, entered into a written lease for the housing accommodation known as and numbered 136 Flash Road, in the Town of Nahant, consisting of a ‘six room cottage furnished’ and ‘one garage space on said property. ’ The lease was to take effect on September 2, 1944, at a rental of ‘$45.00 for the furnished cottage and $5.00 for the garage space per month.’ The said housing accommodation without ‘garage space’ was registered with the Essex County Defense Rental Area Office at $45.00 per month. The ‘garage space’ was located ‘at rear of 138 Flash Road’, and was no part of the said housing accommodation. At the time the said lease was made and executed, the plaintiff owned no car or other vehicle, and had no use for the said ‘garage space’; but could not rent the said housing accommodation without the ‘garage space.’
“On September 2, 1944, the Defendants filed a ‘Report of Change in Tenancy’ with the said ‘Rental Area Officer’; in which report, they recited no change ‘in the *69 cottage/ and stated as follows: ‘have rented garage space at rear of 138 Flash Road at $5.00 per month.’ No action was "taken by said Rental Area Office on the said Report of Change in Tenancy.
“The Plaintiff took possession of said housing accommodation and paid the rent of $50.00' a month from September 2, 1944, up to and including January, 1946. Subsequently, on complaint, the Essex County Area Rent Director notified the Defendants that they could not charge more than $45.00 per month, as rent, for the said housing accommodation, without an order from the Rent Director, and advised the Defendants to return to the Plaintiff excess rent collected by them. The Defendants refused to return to the Plaintiff ‘ excess rent collected’ by them. March 27, 1946, the Plaintiff brought this action. Thus, it appears that the Defendant collected an excess of $5.00 per month for a period of ten months, within one year, from the time this action was instituted. Therefore, I find for the Plaintiff as follows:
“In the sum of $50.00 for reasonable attorneys fees and costs, and $100.00 for overcharges, making a total of $150.00.”
“This report contains all the evidence material to questions reported.”
“The Defendants claiming to be aggrieved by the findings, rulings and refusals to rule as requested, I hereby report the same to the Appellate Division for determination.”
The report states that requests 5, 6, 9 and 10 were denied but does not state what happened to the other requests as there is nothing in the report or in the docket entries to explain their disposition. The plaintiff’s brief, however, says that ‘ ‘ six of which were allowed and the following four requests were denied (naming the 5th, 6th, 9th and 10th). The defendants in their brief enumerated the first, second, third, fourth, seventh and eighth as allowed. At the oral argument the defendant, the appellant, argued the case on the theory that the six requests just mentioned had been allowed.
*70 In our opinion it was proper to allow the first four rer quests; their denial would have been prejudicial error. Gershberg v. Braverman, 1944 N. J. 40A 2d—288; in 155 A. L. R. at 1464. If we treat them as allowed, as the parties have in their briefs, and the defendants did at the argument, there was still prejudicial error for the trial judge did not apply them to the facts that he found.
The first request is that the Emergency Price Control Act of 1942, as amended is restricted to rents for housing accommodations; the second that rent regulations under the Act are applicable to housing accommodations only; the third that the term “housing accommodations” does not include a separate building or part thereof rented for storage of furniture; and the fourth, that providing storage space in a separate building is not a privilege, service or facility connected with the use of a furnished dwelling within the provisions of the rent regulations.
Treating the case on the theory that the judge gave the four rulings specified, he then went on to find the facts in the case to be within the scope of those rulings and then found for the plaintiff. How, after he had granted requests three and four he could find that rent paid for the garage for storage purposes was an overcharge is not clear. If he had applied to the evidence the rulings he had given he was compelled to find for the defendants. He was as much compelled to apply the rulings as to grant them. Clarke v. Second National Bank, 177 Mass. 257, at 266, 267, Bangs v. Farr, 209 Mass. 339, at 244. Massachusetts General Hospital v. Belmont, 233 Mass. 190, at 210.
If the 4th request was allowed, as we think it was, Gershberg v. Braverman, supra, then it was prejudicial error, also, to deny the 5th and 6th requests.
There was evidence to which the 5th and 6th requests were applicable and each ruling1 ‘ correctly stated the law applica *71 ble to one possible, indeed probable, view of the evidence. It does not appear that it was refused upon the ground that it was immatérial upon the facts found by the court. The refusal therefore to give it was error”. Chandler v. Baker, 191 Mass. 579, at 585. “The defendants were entitled to the rulings requested in a possible view of the evidence, and, although the findings may have been right, we are unable on the report so to determine.” Kaufman v. Sydeman, 251 Mass. 210, at 217.
The trial judge did find, in disposing of the 6th request, that “the leasing of space in garage was subterfuge”. It is to be noted that he nowhere found that the garage was used for storage, although he did find that the plaintiff had no car. “If the judge did not find the facts to be as stated in the testimony . . . and recited in the prayer, he should have so stated in a finding of fact, otherwise, it can not be assumed that he did not find the facts to be true. Or, he should have so stated that, finding the facts to be true, he found they were inapplicable and did not overcome the weight of over testimony and the inference of facts which he drew therefrom”. Rooney v. Porter-Milton Ice Co., 275 Mass. 254, 257.
“And if the judge did not grant it he would have been required to 1 state expressly or by fair inference either that the legal proposition presented . . . (was) unsound or inapplicable, or that the facts upon which it (was) predicated (was) not found to be true.’ ” Commercial Credit Corporation v. Flowers, 282 Mass. 316, at 322, 323.
The sense of the two requests was that the Emergency Price Control Act of 1942, as amended, did not apply to the letting of the garage for storage. The finding that the letting of the garage was a subterfuge is not a finding that it was not so let, or was not let for that purpose.
*72 If it was so let, and the Act did not apply to such a letting the fact that it was a subterfuge did not make the Act applicable.
It was prejudicial error under the circumstances to deny the 5th and 6th requests without explanation or finding.
There is in the report no claim of inconsistency between the allowance of the first four rulings and the finding for the plaintiff and no such issue was argued., Korb v. Albany Carpet Cleaning Co., 301 Mass. 317, at 318.
The proper application of the 1st, 2d, 3d, 4th, 5th and 6th requests would have required the trial judge to find for the defendants. The finding for the plaintiffs is to be vacated and judgment is to be entered for the defendants.