*Municipal Court of the City of Boston*
No. 116054
**PHILIP H. BURT, ET AL**

v.

**JAMES C. GAHAN, JR.**
**AND**
**S. A. HEALY COMPANY**

Argued: January 21, 1966.   Decided: January 26, 1966

*Present*: Adlow, C. J., Riley, Canavan, JJ.
Case tried to *Shamon, J.*

*Adlow, C. J.* Action of contract to recover for services in recording and providing transcripts of evidence in a cause tried before an auditor. Count one declared against James C. Gahan, Jr., who was attorney in the cause; count two declared against S. A. Healy Co., the client of Gahan and the plaintiff in an action against the Commonwealth of Massachusetts which was being heard by the auditor. At the beginning of the hearings it was agreed between the counsel for the parties that the expenses for transcribing the evidence and providing copies would be divided equally between the plaintiff and the Commonwealth, and that the stenographer would prepare three copies of the evidence, a copy for each of the parties, and a copy for the auditor. The Commonwealth paid its share of the costs of these transcripts.

*There was evidence that* the proceedings before the auditor lasted 77 days, and extended over a period from December, 1962 to

early March, 1964. The actual hearings ended on December 4, 1963. With the exception of seven or eight volumes of evidence, representing the testimony of the last seven or eight days of the hearings, all the other volumes were delivered to the auditor before December 30, 1963; the remaining transcripts were delivered to the auditor in March, 1964. The auditor's final report was filed on May 8, 1964.

*There was evidence that* the defendant Gahan, who was attorney for the S. A. Healy Company, was unable to file briefs with the auditor in the first week in January, 1964 for the reason that he had not received the concluding transcripts of the evidence. These transcripts had not been completed and delivered because the bill for the already completed work, amounting to $3,672.65 had not been paid. On July 29, 1963 a bill in the amount of $3,194.10 was sent to the office of Gahan; on August 13, 1963 an additional bill in the amount of $478.55 was sent to him. On November 29, 1963, in accordance with a suggestion by Gahan that the plaintiff contact his client, a bill for $3,672.65 was sent to S. A. Healy Co. The plaintiff refused to send the concluding transcripts to Gahan until this bill was paid. On March 21, 1964 this bill was paid by a check of the Marinucci Construction Company which was received by the plaintiff in a letter sent from the office of the defendant Gahan. Thereafter, the plaintiff sent the remaining transcripts of evidence to Gahan with a bill for $2,765.55 which he

seeks to recover in the cause under review. It was agreed by the parties that this charge was fair and reasonable. Of particular significance is the fact that there was evidence that at the beginning of the employment an employee of the plaintiff was instructed by Gahan to send the bill for stenographic services to him.

At the close of the evidence the defendant Gahan, acting in his own behalf and also as counsel for S. A. Healy Co., filed requests for rulings. The court found for the defendant, S. A. Healy Co., and for the plaintiff against Gahan, and being aggrieved by the court's refusal to rule as requested, the said Gahan brings this report.

In this opinion it will be unnecessary to consider seriatim the many requests for rulings filed with the court by the attorney. Their validity must stand or fall on the basic question whether an attorney, who without any special agreement with the stenographer, orders stenographic services in a cause in which he appears for a client, is personally responsible for the bill for services rendered. This question is posed by request for ruling #6, to the effect that:

"Upon all the evidence, the defendant Gahan was acting as agent for a disclosed principal, and did not become a party to any contract with the plaintiff Burt."

Was the court's refusal to rule in accordance with this request proper?

■  While it is true that there are rul-

ings, which have no authority in this Commonwealth, which exonerate a lawyer acting on behalf of a client from responsibility unless credit is expressly and exclusively given to him (for collected cases see 100 A.L.R. 534), the law is otherwise in Massachusetts. In *Tarbell v. Dickinson*, 3 Cush, 345 it was ruled that a lawyer who requested that a sheriff serve a writ was personally liable for the costs incurred. On the same principle attorneys representing clients who engaged other lawyers to assist them in the preparation and trial of a cause were held personally liable to the lawyer so employed. *Parke v. Morin,* 304 Mass. 35; *Cocks v. Bruce Searl and Good,* (1904) 21 Times L.R. (Eng.) 62.

While the defendant Gahan insists that he never said that he would pay the bill, the fact if true is of no consequence. An express promise to pay the plaintiff was not necessary in order to charge him. The mere request by Gahan that the work be done carried with it an implied undertaking to pay for the work. *Spencer v. Spencer,* 181 Mass. 471, 473.

Without openly asserting, but by intimation, it was suggested by the defendant Gahan that the primary responsibility for these services was on his client, S. A. Healy Co. But there is no evidence that any express undertaking was ever made by the client with the plaintiff, and in the absence of such express undertaking, the plaintiff cannot recover from the client. *Hyde v. Moxie Nerve*

*Food Co.,* 160 Mass. 559, 560; *Ex Parte Hartop* (1806), 12 Ves. Jr. (Eng.) 349.

In the *Hyde* case the court gave clear and unequivocal support to the proposition that an attorney who engages another to assist him in the trial and preparation of a cause is personally liable for the claim of the lawyer so engaged.

While it is commonplace to refer to the relationship of attorney and client as that of principal and agent, the attorney stands rather as a principal in his own right. Actually he is an independent contractor. Restatement, Agency, §1 (d).

As such he has authority to take all legal steps, and do those legal acts of a procedural nature which are indispensable to a proper performance of his duties as an attorney. But the just limits to his authority to bind his clients have been clearly defined. *Shores v. Caswell,* 13 Met. 413.

Whether the services engaged by him in the preparation and trial of a cause are professional or clerical, they are concerned with the proper discharge of his responsibility as attorney, and are performed for him and not for the client. The liability for such services rests on the attorney, and his right to recover compensation from his client rests on the responsibility assumed by him with respect to all these incidentals. *Hyde v. Moxie Nerve Food Co.,* 160 Mass. 559, 560.

*There was no error. Report dismissed.*

Robert R. Clark of Boston for the Plaintiff.

James C. Gahan, *pro se* of Boston for the Defendant.